The order appealed from will be affirmed, with costs.

In the matter of appeal of DAVID B. VOORHEES from the decree in the Monmouth county orphans court, in matter of estate of Hendrick Voorhees, deceased.

[Filed February 21st, 1899.]

1. A general order to sell lands of the estate encumbered by mortgages, for which claims have been filed with the administrator, is insufficient to authorize a sale free from the mortgages.

2. A statute (*Gen. Stat. p. 2401 § 198*) authorizes the sale of encumbered lands free from the encumbrances, upon certain conditions.

3. On exceptions to an administrator's account for moneys received from a sale of lands of the estate and paid to mortgagees of such lands, it appeared that the mortgagees had filed claims upon the debts secured by their mortgages, with the administrator of the decedent, and a general order for the sale of the lands was made.   The purchasers understood that the sale was free from the mortgages, a declaration to that effect having been made at the sale. The land was sold in parcels, making it impossible to ascertain the extent of the encumbrance on the different parcels, and the price was adequate, regarding the property as unencumbered.   The proceeds were first applied in payment of the mortgages.—*Held*, that the order of sale should be amended *nunc pro tunc*, so as to authorize a sale free from encumbrances.

On appeal from the decree of the Monmouth county orphans court, made upon exceptions to the final account of the administrator.

*Messrs. W. I. & N. Chamberlain*, for the appellants.

*Messrs. Parker & Pearce*, for the respondents.

REED, VICE-ORDINARY.

Hendrick Voorhees died leaving less than $600 of personalty and several tracts of land. Upon three of these tracts were three mortgages made by the deceased, one to Mr. Borton for $500, another to Bartison and Clayton for $600, and still another to Mr. Cook for $600. Each of these mortgages covered the three tracts. The mortgagees proved the amount of these mortgage debts as claims against the estate of Hendrick Voorhees. *Smith* v. *Crater, 16 Stew. Eq. 636.* A decree of insolvency was entered and an order for the sale of the real estate was made. The real estate was sold by the administrators, and out of the proceeds arising from such sale the administrators paid the amount of these mortgage debts. Exceptions were filed in the orphans court to the claim for allowance for these payments, and the court decreed in favor of their allowance.

The point made against the decree of the orphans court is that the real estate was sold subject to the lien of the mortgages, and therefore the money received represented only the equity of redemption, and the money so received should not be disbursed in the payment of the amount of the encumbrances to which the land is still liable.

On March 18th, 1881, the legislature passed an act (*P. L. of 1881 p. 141*), the provision of which act is

"that whenever any mortgagee or holder of any mortgage upon the real estate of any testator or intestate shall file a claim upon the debt secured by said mortgage with the executor or administrator of said testator or intestate, and it shall appear to the orphans court to be necessary to sell the lands and premises encumbered by said mortgage for the payment of the debts of said testator or intestate, the said court shall have power to order the said lands and premises sold free and clear of the encumbrance of said mortgage; provided the said court shall, at the time of making the order to sell, also order that the moneys arising from such sale be first applied to the payment of the said mortgage debt, and the balance, after paying the same, to be assets in the hands of said executor or administrator."

Four days later the legislature passed another act, to be found in the General Statutes, page 2401, section 198. This statute requires a foreclosure of a mortgage before an action can be

brought upon its accompanying bond. The effect of this legislation is to make the real estate primarily liable for the mortgage debt, and only the deficit remaining after the sale of the mortgaged property is a claim against the personalty.

∶ It is not contended, nor I think could be contended with success, that this act repealed the act passed four days earlier. There is no express ·repealer, nor is there such repugnancy between the operation of the two acts as would effect an implied repealer. Therefore, the orphans court had the power to make an order to sell the lands in question free from the encumbrance of these mortgages. The orphans court did not do so in the present case, but, instead, made a general order to sell the lands, and it cannot be controverted that, under such general order, only the equity of redemption in such lands could, by force of such order, be sold.

It appears, however, to my satisfaction that the sale of those lands was made as a matter of fact free and clear of encumbrances. While I do not think that the mortgages were mentioned at the time of the sale, yet I am entirely satisfied that a declaration was made, more than once during the sale, that the lands were free and clear of encumbrance, and it is obvious that the bidders so understood it. The several tracts of land covered by the mortgages were subdivided and sold in several parcels. The bidders either had no knowledge of the existence of the mortgages or they understood that they were sold free from the encumbrance of the mortgages. No person would have bid upon one of these parcels knowing it to be covered by a blanket mortgage, without inquiring as to what portion of the mortgage it was liable. And it would have been impossible to ascertain to what extent the particular parcel sold would be called upon to answer the encumbrance which covered it as well as other parcels. The testimony shows that the property, regarding it as unencumbered, brought adequate prices. Those who expressed an opinion that it did not made no offer of a larger amount nor proved that any other person stood ready to pay more for it than . it brought. The sale of the mortgaged premises brought enough to pay the amount of the mortgage. The money arising from

such sale was applied to the payment of the mortgages, and the balance remained in the hands of the administrators, and it, with the proceeds of the other sales, was insufficient to pay the debts of the estate in full.

The condition of affairs thus exhibited is this: The orphans court could have ordered the property sold free of encumbrance. It was sold free of encumbrance, in exactly the same manner as if the order had been made in this shape. The purchase-money has been paid by the purchasers and disbursed by the executors, as it would have been had the special order existed. Could and should the orphans court, after the sale, have amended its order so as to have empowered the executor to sell free from encumbrances? In my judgment, if the same conditions had been exhibited in the orphans court as are exhibited here, it would have been the duty of that tribunal to amend the order for sale, so as to furnish authority to support the sale as it was actually made. Unless this is done it is apparent that it will be entirely inequitable to permit the sales already made to stand. To charge the administrators, under the circumstances, with the amount which they have paid for the liquidation of these mortgages would be in the highest degree unjust. To subrogate them to the right of the mortgagees whose mortgages have been paid, and thus reimpose upon the property in the hands of the purchasers the encumbrance of these mortgages, as to the purchasers, would be equally inequitable.

What, in my judgment, is equitable is to confer the power by amendment, which would have existed had the original order been made in conformity with the statute. The amendment of an execution after a sale is not an unusual practice. *Herm. Exec. 68.* The power of this court, upon appeal, to make such amendment as the court below should have made is settled. *Robinson* v. *Furman, 2 Dick. Ch. Rep. 307.*

In regard to the other matters involved in the appeal I see no reason for thinking that the decree below was in any respect wrong.

I will advise a decree amending, *nunc pro tunc,* the order to sell the lands of decedent and affirming the decree brought up. No costs will be allowed.