RAY ESTATE CORPORATION, RESPONDENT, v. ANDREW J. STEELMAN, SUBSTITUTED ADMINISTRATOR, APPEL- LANT.

Submitted December 11, 1916—Decided March 5, 1917.

A decree of the Orphans' Court, barring creditors who have failed to present their claims within the time limited by a previous order of the court, bars a creditor from any right of action against the executor or administrator, founded upon a claim that might have been presented within the time so limited.

On appeal from the Supreme Court.

For the respondent, *Vredenburgh, Wall & Carey.*

For the appellant, *Randolph Perkins.*

The opinion of the court was delivered by

SWAYZE, J.   The plaintiff brought suit against the ancil- lary administrator of Alexander Miller to recover for rents, taxes and water rates due under a lease of land in New York City.   The defendant, among other defences, set up that by an order made in the Hudson Orphans' Court, bearing date May 20th, 1913, the plaintiff was barred from any action therefor against the defendant.   This defence was stricken out on mo- tion, and was therefore not available to the defendant at the trial on the other issues.   The Circuit judge evidently felt that there was merit in the defence, but was constrained by the order of the Supreme Court justice striking out the answer.   Under rule 40 the order is appealable and the ques- tion is whether any cause of defence is disclosed.   We think our review should not be controlled by niceties of pleading, but by the merits, if any are disclosed; and that defects in the answer may be supplied by amendment.   The answer is defective in failing to aver that there was an order to limit creditors and the time within which claims were to be pre-

sented; and that the plaintiff had not brought in its claim within the time in said order directed.

The complaint claims for rent due May 1st, 1913, November 1st, 1913, and May 1st, 1914; and for taxes and water rates that became due prior to 1913, and in that year; part of which were paid by the plaintiff to the city of New York on October 2d, 1913, and part on May 6th, 1914. That the decree of the Orphans' Court bars creditors of their right of action against the executor or administrator on all claims that might have been presented within the time limited was held on conclusive reasoning by the Supreme Court in *Ryan* v. *Flanagan, Administratrix,* 38 *N. J. L.* 161, and treated as settled in the Court of Chancery. *Seymour* v. *Goodwin,* 68 *N. J. Eq.* 189. This disposes of the claim for rent due May 1st, 1913; as to that claim the plaintiff's action was barred and the defendant should have been allowed to plead the decree instead of having his answer wholly stricken out. The same course would clearly have been open as to the rent due November 1st, 1913, if the answer had set up what seems from the colloquy at the trial to have been the fact that the decree was not entered until February 20th, 1914. Notwithstanding this blunder, we think the defence was open as to the rent due November 1st, 1913, and May 1st, 1914. Both were liquidated demands which might be presented for allowance under section 69 of the Orphans' Court act. *Comp. Stat., p.* 3834.

The question as to the taxes and water rates is more difficult. Most of these were in fact paid after February 20th, 1914. If the liability of the Miller estate did not accrue until the plaintiff paid the taxes and water rates to the municipality, so much as was paid after the decree barring creditors was not barred thereby since it could not be said that the plaintiff had neglected to bring in his debt, demand or claim, within the time limited; it is only creditors who so neglect that are barred. Such are the words of the statute, and such was the decision of the Supreme Court in *Wakeman* v. *Paulmier, Executor,* 39 *N. J. L.* 340. On the other hand, if the liability of the estate accrued immediately upon failure of the

decedent to pay the taxes and water rates, there is no reason why the plaintiff's claim therefor should not be presented within the time limited. The demand, although for damages for breach of covenant, would be liquidated. The only averment before us is that Miller obligated himself to pay the taxes and water rates. Probably, he was in default if he failed to pay them when due. If so, the claim for taxes would be barred to that extent. But this applies only to taxes and water rates that accrued during his lifetime, *i. e.*, prior to May 6th, 1909. For defaults occurring after his death his personal representatives would be liable either *de bonis testatoris* or individually, and although they might be entitled to indemnity out of his estate, the claim therefor would not be a claim against the decedent barred by the decree of the Orphans' Court. This claim, apparently, cannot be made against the present defendant individually. His letters were not issued until June 19th, 1914, as averred in plaintiff's complaint and were ancillary only. The testator died in New York; the will was proved and administration had there, and the leased property was situate there. The question may, therefore, be presented, whether a mere ancillary administrator can be sued for a breach of covenant by the domiciliary executor that occurred after the decedent's death. This question, however, is not presented by the present record.

The error in striking out the second answer led to a trial on immaterial issues and thus affected the whole case. For this error the judgment must be reversed and the record remitted for a new trial.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 14.