JOHN S. BRUCE, executor, complainant-appellant,

*v.*

GEORGE H. BRUCE et al., defendants-respondents.

[Submitted March 24th, 1919.   Decided June 20th, 1919.]

1. In construing a last will and testament, the true intention of the testator, to be gathered from the whole will, should be given effect, and it ought not to be so construed as to impute to the testator a purpose to die intestate or partially so if it can be avoided, the law preferring a construction that will prevent, rather than one which will permit, intestacy.

2. The enumeration of paragraphs made by a testator on the margin of the paper on which the will is written, to which no reference is made by the testator in the body of his will as a means for the identification of something it contains, is not controlling in ascertaining the intention of the testator, and two such paragraphs may be read as one, to prevent intestacy, unless there is something in the will to the contrary, if the intention of the testator to dispose of his entire estate is otherwise clear.

---

On bill in equity for the construction of the will of George A. Bruce, deceased.

*Mr. William G. Hille* and *Mr. J. Emil Walscheid*, for the appellant.

*Mr. Charles E. S. Simpson*, for the respondents.

The opinion of the court was delivered by

BERGEN, J.

We are asked to construe the holographic will of George A. Bruce, deceased, and the only question presented for determination is whether two paragraphs, numbered on the margin of the will as sixteenth and seventeenth, are, because of such enumeration, independent of each other or should be read as one.

The vice-chancellor found that they were independent, containing distinct gifts, and as the one marked on the margin as seventeenth undertook to dispose of the residue of the estate without naming a legatee it was void, and, therefore, the testator died intestate as to the residue. From the decree advised by the vice-chancellor this appeal was taken.

That the testator did not intend to die intestate as to any part of his estate appears beyond dispute, because he attempted to dispose of his entire estate by his will which provided for the disposition of the residue thereof, and did so unless the construction adopted by the vice-chancellor is correct.

The form of the will shows that every paragraph, prior to the one numbered "sixteenth," in which the testator devised and bequeathed any portion of his property, real or personal, except the latter part of paragraph 9, enumerated as ten, and paragraph 15 which provides for the division of testator's furniture among his children as they might select, he began each with the words "I give, devise and bequeath," and this form was applied to each legatee and his particular bequest. With this situation in mind we reach the paragraph numbered sixteenth, which begins with the same words, in which the testator gives to his son John S. Bruce a tract of land, describing it, "with all the buildings thereon," and following a space of about one-third of a line and beginning at the margin on the next line,

"all of the rest, residue and remainder of my estate,   *   *   *   that I have not devised and bequeathed to other members of my family, to have and to hold the same to him, his heirs, executors, administrators and assigns."

The testator wrote in the margin, and opposite the line beginning "all of the rest, residue and remainder of my estate," the word "seventeenth," from which it is argued that the residue was given to a legatee not named.

No reference to the enumeration is made in the will for any purpose whatever, and, as the vice-chancellor says, seem to have been written in the margin after the will was prepared.

In construing a last will and testament, the true intention of the testator, to be gathered from the whole will, should be given

effect, and it ought not to be so construed as to impute to the testator a purpose to die intestate, or partially so, if it can be avoided, the law preferring a construction that will prevent, rather than one which will permit, intestacy. *Carter* v. *Gray, 58 N. J. Eq. 411,* and cases there cited.

Following this rule of law we are of opinion that the enumeration of paragraphs made by a testator on the margin of the paper on which the will is written, to which no reference is made by the testator in the body of his will as a means for the identification of something it contains, is not controlling in ascertaining the intention of the testator, and two such paragraphs may be read as one, to prevent intestacy, unless there is something in the will to the contrary, if the intention of the testator to dispose of his entire estate is otherwise clear.

If we disregard the enumeration and read the two paragraphs as one, then the word "him," who is "to have and to hold," refers to John S. Bruce named at the beginning of the paragraph, and completely disposes of the entire estate. This view, we think, should be adopted, as it was the clear intention of the testator not to die intestate as to any part of his estate, and this construction carries out that intention. Punctuation, the enumeration of paragraphs, or a mistaken use of either in a last will and testament, will not be regarded in its construction if to do so avoids the testamentary intention manifested by the language of the will, and they will be disregarded where necessary to a proper ascertainment of the testator's intention.

The present case is largely one of fact founded on the examination of the original draft from which an inference may be drawn that the intention of testator was that the seventeenth paragraph was a part of the sixteenth, the gift being to John S. Bruce, first, of a parcel of land, and second, of the residue to him and his heirs. This construction, if not controlled by the enumeration, being consistent with the words of the will, and with the manifest intention of the testator to dispose of all of his property and not to die intestate as to any of his estate, should be adopted.

The decree below is reversed, and the will construed to mean that John S. Bruce is entitled to the residue.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—13.