STELLA M. REINHARDT, PLAINTIFF, v. MARY M. CALHOUN, DEFENDANT.

Decided August 15, 1931.

For the plaintiff, *James J. McGoogan.*

For the defendant, *Charles De F. Besore* and *Samuel D. Lenox.*

OLIPHANT, C. C. J. This is an action on a bond against the devisees of Alfred T. Clark, deceased. The bond was made by him on January 31st, 1921, to Rachael Levy, in the penal sum of $6,000, conditioned to pay $3,000 with interest at six per centum per annum. To secure the bond he executed a mortgage of the same date to Rachael Levy on Nos. 441, 443, 445, 447, 449 and 451 Lamberton street,

in Trenton, of which he died seized in fee-simple. He devised the mortgaged premises to his wife, Mary E. Clark, for her life, and at her death to the defendant, Mary M. Calhoun, his daughter, in fee.

On July 3d, 1923, Rachael Levy assigned the bond and mortgage to the plaintiff.

Alfred T. Clark died on May 15th, 1921, and left him surviving his widow, Mary E. Clark, and his two children, Mary M. Calhoun and Earl Clark, to each of whom, by his last will, he devised certain of his real estate in fee-simple.

The mortgage was foreclosed and the premises were sold by the sheriff of Mercer county on April 17th, 1929. The sale resulted in a deficiency, and this action was originally begun against the defendant, Mary M. Calhoun, and notice thereof was filed in the Mercer county clerk's office as required by the Mortgage act. 3 *Comp. Stat.*, p. 3423, § 51.

The case was tried by the court, sitting without a jury, on April 30th, 1931.

On motion of the attorney for the defendant, Mary M. Calhoun, and with the consent of the plaintiff, Mary E. Clark and Earl Clark were joined in the action as parties defendant, and the complaint amended accordingly. The plaintiff suffered a voluntary nonsuit as to the added defendant, Mary E. Clark, and elected to proceed against the defendants Mary M. Calhoun and Earl Clark. All the facts necessary were proved by the plaintiff, and if she be entitled to a verdict it would be in the sum of $2,279.30, with interest from March 8th, 1929.

At the conclusion of plaintiff's case a motion was made by the defendant, Mary E. Calhoun, for a nonsuit based on the following grounds—first, that the defendant Mary E. Clark, being a necessary party to the action, the plaintiff could not proceed against the other defendants after suffering a voluntary nonsuit as to her; secondly, that the plaintiff, having failed, as shown by the proof, to give the notice required by the Mortgage act, *supra,* as to the defendants Mary E. Clark and Earl Clark, and the statute of limitations for beginning the action against them having run, the

plaintiff is precluded from taking a judgment against the defendant Calhoun.

Mary E. Clark and Earl Clark were necessary parties to the suit. In the case of *St. Mary's Church* v. *Wallace et al.*, 10 *N. J. L.* 311, which was a suit against the surviving heirs of an obligor, upon a bond of their ancestor, the heirs of a deceased heir having lands by descent and not being joined in the action, the court held that all should have been made parties defendants "inasmuch as they are answerable by reason of the lands descended; and as by due pleading they may subject the lands and the lands only to the discharge of the debt, there seems an obvious propriety in uniting all in one common suit; as, if part only are sued, the creditor may obtain judgment against part only of the lands, and may be compelled to resort for the residue of the lands to an action against the other heirs." A plea in abatement was sustained and judgment rendered for the defendant.

That action was against heirs, but citing that case the Court of Errors and Appeals, in *Cumberland National Bank* v. *Frome et al.*, 87 *N. J. L.* 623, which was an action against a devisee of lands for the debt of. the devisor, said that all devisees were necessary parties to the action. That doctrine was also approved in *McCarthy* v. *Mullen*, 82 *Id.* 379.

The liability of the heir or devisee to the creditor is not a liability for the full amount of the debt, but only for such amount thereof as can be collected from the lands devised or inherited, if not aliened, or for the value of the lands devised or inherited, at the time of the devise or inheritance, if aliened.

An action to charge heirs or devisees with the debt of an ancestor or testator is an action to enforce a lien against the lands of the ancestor or testator which came into the hands of the heir or devisee. St. Mary's Church *v.* Wallace, McCarthy *v.* Mullen and Cumberland Bank *v.* Frome, all above cited. The only reason given for joining all the heirs is that the obligation of the ancestor did not survive against the surviving heirs, but followed the land. The decision in St. Mary's Church *v.* Wallace is to the effect that all lands

descended are subject to the lien, and that, therefore, the obligation must be enforced against all decedents remaining in possession of lands descended. All should be joined, not because of any joint obligation between them, but because they are owners in whole or in part of the lands descended, all of which are subject to the lien. In St. Mary's Church *v.* Wallace, apparently but one tract descended, the defendants owning it as tenants in common. In the instant case, numerous tracts descended to different individuals, but the application of the rule would remain the same whether the ownership is by severalty or by tenants in common.

I am convinced that all the devisees were necessary parties to the action.

The devisees not made parties in the original action were added as parties defendant by the court.

This did not correct the difficulty because they were never properly made parties. No notice was filed in the county clerk's office that the suit was to be brought or proceeded with against them as required by section 51 of the Mortgage act hereinbefore referred to. Compliance with that statute is jurisdictional. The statute is mandatory and a judgment against the added defendants would be a nullity. *Neu* v. *Rogge,* 88 *N. J. L.* 335. Counsel for the plaintiff argues that the intent of section 51 of the Mortgage act was to give the public warning that the record owner of the real estate described in the notice held title subject to the right of the foreclosed owners to redeem within six months after judgment entered on the bond. It is true that Mr. Justice Kalisch in his opinion said: "The clear legislative intent was, by a public record, to make secure the title to a purchaser * * *;" but he further said: "We think a defendant not only suffers a wrong, but the public also, when a judgment is entered against a defendant contrary to the express mandate of the legislature."

Mary T. Clark and Earl Clark being necessary parties and they not having been properly made parties, in that the notice filed did not include them as defendants, the motion for a nonsuit should be granted. Such will be the order.