HARRY B. SNEDIKER, PLAINTIFF, v. PERCY T. POTTS ET AL., DEFENDANTS.

Decided February 10, 1935.

For the motion, *Josephson & Josephson*.

*Contra, James J. McGoogan*.

OLIPHANT, S. C. C. This is a motion by the defendant Mary Ellen Reynolds to dismiss the suit on the ground that the plaintiff executed and delivered to some of the defendants a covenant not to sue after they had been served and filed their answers.

The suit originally was commenced on or about the 11th day of January, 1934, by the plaintiff against all of the defendants. The allegations were that John E. Reynolds, who died on July 25th, 1933, had converted to his own use, a portion of the estate of his former wife, to which the plaintiff, a stepson of the said John E. Reynolds, was entitled. The said John E. Reynolds died testate and by his will devised to the defendant Mary E. Reynolds, his wife, the lot of land and house wherein they resided at the time of his death.

During the testator's lifetime he had transferred to her certain shares of stock and a lot of land, and in said will it is declared that the aforesaid devise and the above transfer were made in lieu of dower that she may have in the estate, which she has accepted.

In said will testator also devised to the plaintiff, Harry B. Snediker, certain lots of land located in Miami Beach, Florida. All of the rest and remainder of the estate, testator devised to his son, John E. Reynolds, Jr.

On or about the 18th day of April, 1934, and after the defendants had answered the complaint, plaintiff executed and delivered to the two estates and to John E. Reynolds, Jr., a covenant not to sue, wherein he agrees not to institute or prosecute any suit or proceeding, nor to prosecute any further the suit now pending, nor to make any claim or demand whatsoever against the estate or against the other heirs. On May 28th, 1934, a rule of discontinuance was entered as between the plaintiff against the defendants Percy T. Potts, executor of John E. Reynolds, deceased, Percy T. Potts, administrator with the will annexed of Alice M. Reynolds, deceased, and John E. Reynolds, Jr.

Defendant Mary Ellen Reynolds contends that inasmuch as all of the defendants are necessary parties to the action, the suit must be dismissed by reason of the covenant not to sue and the discontinuance. Plaintiff says that all parties necessary were made parties and that any defendant may buy his peace and avoid a law suit.

The action is brought under the Heirs and Devisees act. *Comp. Stat.*, p. 2739.

There is no question but that all of the defendants are necessary parties. *St. Mary's Church* v. *Wallace*, 10 *N. J. L.* 311; *McCarthy* v. *Mullen*, 82 *Id*. 379; 82 *Atl. Rep.* 51, and *Reinhardt* v. *Calhoun*, 9 *N. J. Mis. R.* 914; 156 *Atl. Rep.* 12.

After they are made parties, as here, the court has complete control over them and if necessary to the proper ends of justice they must remain parties to final judgment. It is necessary that they remain so in the instant case to the end that the plaintiff may reach all lands liable for the debt and also to insure the right of contribution of the various defendants against each other.

The covenant not to sue is personal as between the parties thereto. The defendant who makes this motion, who was not a party to it cannot claim a privilege or right under it.

The discontinuance was not on order of the court. It was a stipulation between counsel. Mr. Justice Perskie, speaking for the Court of Errors and Appeals, in the case of

*Martin* v. *Lehigh Valley Railroad Co.,* 114 *N. J. L.* 243; 176 *Atl. Rep.* 665, said: "The court has control of the cause of action, the pleadings and the stipulation. If a judgment may be opened and vacated, pleadings amended and withdrawn * * * all, of course, on good and legal cause shown, it would appear to follow that a discontinuance filed, as in the instant case, may also on good and legal cause shown, be withdrawn. There is nothing inviolable about an order of discontinuance. Reduced to its simplest terms it is nothing more or less than an agreement between respective counsel without the express sanction of the court."

For the foregoing reasons the motion to dismiss the complaint will be denied but the action will be stayed to give to the defendant Mary Ellen Reynolds an opportunity to move to strike the discontinuance from the files to the end that all parties may remain under the control of the court to final judgment.