HENRY C. HESS AND LUCY A. HESS, PLAINTIFFS, v. NEWTON A. K. BUGBEE, JAMES T. BROWN, SUBSTITUTED ADMINISTRATOR WITH THE WILL OF DANIEL A. DUGAN, DECEASED, ANNEXED, MARY EGAN, TRENTON BANKING COMPANY AND CHARLES J. TRIER, EXECUTORS AND TRUSTEES OF THE ESTATE OF MARY L. DUGAN, DECEASED, AND MATILDA D. O'NEILL, DEFENDANTS.

Decided April 17, 1935.

For the plaintiffs, *Henry M. Hartmann*.

For the defendants, *Aaron V. Dawes*.

OLIPHANT, C. C. J.   This is an action on a bond by the plaintiffs against Newton A. K. Bugbee, James T. Brown, substituted administrator, with the will annexed of Daniel A. Dugan, deceased; Mary Egan, a devisee of real estate under the will of Daniel A. Dugan; Trenton Banking Company and Charles J. Trier, executors and trustees of the estate of Mary L. Dugan, who was the wife of Daniel A. Dugan, and a devisee of real estate under his will, and Matilda D. O'Neill, to whom Mary L. Dugan devised the real estate devised to her under the will of Daniel A. Dugan, together with her executors and trustees hereinbefore mentioned.

The bond was made by Bugbee and Dugan on the second day of July, 1925, to the plaintiffs in the penal sum of $64,000 to secure the sum of $32,000.   To secure the bond, they executed a mortgage of the same date to the plaintiffs on property situated in Trenton of which the said Bugbee and Dugan were seized in fee.   The due date of the mortgage was July 2d, 1930.   On May 14th, 1929, Daniel A. Dugan died testate.   By his last will and testament, Mary L. Dugan, his wife, was appointed executrix thereof.   On December 21st, 1929, the surrogate of the county of Mercer entered an order limiting the time within which creditors of the decedent Daniel A. Dugan should present their claims and demands to the executor.   On October 1st, 1930, the said Mary L. Dugan died testate and James T. Brown was appointed substitute administrator of the estate of Daniel A. Dugan, deceased, with the will annexed.

The mortgage was foreclosed and the premises were sold by the sheriff of Mercer county on June 21st, 1933.   The sale resulted in a deficiency.   It is admitted that after proper allowances, that deficiency is in the sum of $26,604.05 with interest from July 5th, 1933.   The proper notices were filed in the Mercer county clerk's office as required by the Mortgage act.

The case was tried by the court sitting without a jury.

The material allegations of the complaint were proved.

At the time of trial judgment was given in favor of the plaintiffs against Bugbee so that he is eliminated from these considerations.

The defenses relied upon at the time of the trial and argued, in simple verbage are:

1. That the fair market value of the mortgaged premises at the time of the foreclosure sale was more than the deficiency claimed in this suit.

2. That no claim was presented by the plaintiff to the executor of the estate of Daniel A. Dugan within the time limited by the order of the surrogate barring creditors.

3. That there was no devise of real estate under the will of Mary L. Dugan; that necessary heirs-at-law, devisees and devisees of heirs are not joined in the suit and therefore, there is a non-joinder of necessary parties.

4. That all the parties who are defendants here should have been made defendants in the foreclosure suit mentioned in the complaint.

1. This defense was stricken out at the time of the trial of the cause.

2. The question here presented is—does the failure to file a claim with the executor of an estate on a bond not *due and payable* until after the time fixed in the order of the surrogate for the presentation of claims in the order barring creditors, prevent a recovery on said bond in a suit against the executor? The sixty-ninth section of the Orphans Court act provides "debts and demands liquidated, not due and payable, but which are payable in the future, may be presented for allowance; a reasonable rebate of interest being made when interest is not accruing on the same; and if any such debt or demand be disputed, and action be brought therefor, the plaintiff shall not fail in such action on account of such debt and demand being payable in the future, if the same be otherwise a legal debt or demand." The bond in question was for a liquidated amount, not due and payable at the time limited as set forth in the order barring creditors. It was

not a contingent but an absolute liability of the plaintiffs. The bond could have been sued upon without first foreclosing the mortgage. The cases to which the court has been referred by counsel for the plaintiffs are not in point. They relate to cases where a contingent liability existed. Where the courts use the words "contingent liability" they refer to the contingency of the obligation of payment, not the contingency of the amount of the claim or payment. The fact that a claim such as here existed must be presented to the executor is supported by numerous cases in this state, among which are *Ray Estate Corp.* v. *Steelman, Admr.,* 90 *N. J. L.* 184; 100 *Atl. Rep.* 209; *Smith* v. *Craler,* 43 *N. J. Eq.* 636; 12 *Atl. Rep.* 530; *Weatherby* v. *Sparks,* 63 *N. J. L.* 445; 43 *Atl. Rep.* 683; *Voorhees' Case,* 57 *N. J. Eq.* 291; 42 *Atl. Rep.* 567; *Smith* v. *Wilson,* 79 *N. J. Eq.* 310; 81 *Atl. Rep.* 851; *Cranmer* v. *Cole,* 11 *N. J. Mis. R.* 578; 167 *Atl. Rep.* 744; *Hackensack Trust Co.* v. *Van Den Berg,* 92 *N. J. L.* 412; 105 *Atl. Rep.* 719.

Unless claims such as the one here are presented to a personal representative he cannot know what may be outstanding against an estate of a decedent and may not know how to administer it. Reason and the orderly procedure of human affairs necessitate the presentation of all claims except where there is a contingent liability. Vice-Chancellor Stevenson, in *Smith* v. *Wilson, supra,* went so far as to say, "I am unable to perceive any reason why in view of the object of the statute in question all parties holding claims against the estate which may in the future be put in judgment against the executor or administrator, however contingent they may be, should not be deemed creditors within the meaning of this statute. This view is aided by the fact that the parties termed 'creditors' or holders of obligations of some sort against the estate, are not merely called upon to bring in their 'debts' but their 'demands' and their 'claims.'" The Court of Errors and Appeals, in Hackensack Trust Co. *v.* Van Den Berg, heretofore referred to said, "we think this correctly states the law."

3. If the will of Mary L. Dugan devises real estate all the

necessary parties are joined in this suit. Conversely, if that will passes title only to personal property and Mary L. Dugan died intestate as to the real estate owned by her at her death, all necessary parties are not joined and the suit would fail. *St. Mary* v. *Wallace et al.,* 10 *N. J. L.* 311; *Reinhardt* v. *Calhoun,* 9 *N. J. Mis. R.* 914; 156 *Atl. Rep.* 12; *affirmed,* 162 *Atl. Rep.* 909.

After several pecuniary legacies the residuary clause of the will reads as follows:

"If the residue of my estate is less than five thousand dollars then I wish it given to my sister, Matilda D. O'Neill. If over five thousand, I wish my executors and trustees to have it put into a trust fund and the interest therefrom paid semi-annually to my sister Matilda D. O'Neill during her natural life. At the death of my sister Matilda D. O'Neill I wish the thirty-five thousand dollar balance from the first trust fund I made for her, and if there is a second trust fund, then I wish the second trust fund together with the balance from the first—be given to the Home for the Aged—known as Morris Hall, Lawrenceville, N. J., for a wing to be constructed and to be known as the Daniel A. Dugan Memorial."

A will ought not to be construed to produce intestacy. The natural and reasonable presumption is, that when a will is executed the testator designs to dispose of his entire estate, and does not intend to die intestate, as to any of his property. *Leigh* v. *Savidge's Ex'rs,* 14 *N. J. Eq.* 124; *Bruce* v. *Bruce,* 90 *N. J. Eq.* 573; 107 *Atl. Rep.* 434; *In re Rogers Estate,* 91 *N. J. Eq.* 294; 109 *Atl. Rep.* 16; *Bankers Trust Co.* v. *Greims et al.,* 115 *N. J. Eq.* 102; 169 *Atl. Rep.* 655; *Kanouse* v. *Central Railroad Company of New Jersey,* 97 *N. J. L.* 185; 116 *Atl. Rep.* 488; 40 *Cyc.* 1409, and cases cited.

The only cases given me by counsel for the defendants are *Kearney* v. *Kearney et al.,* 17 *N. J. Eq.* 59, and *Miller* v. *Worrall,* 62 *N. J. Eq.* 776; 48 *Atl. Rep.* 586, but neither is in point. In the will construed in the latter case, the testator devised "all the rest and residue of my estate *personal* and *mixed.*" There was a qualification limiting the given

estate to personal and mixed property. In the instant case, there was a clear intention to dispose of all the estate in the light of the foregoing decisions of our own and other jurisdictions. The will devising real estate, the necessary parties are joined in this suit.

4. In this defense defendants seek to invoke the provisions of chapter 82, laws of 1933, which provides "that no action shall be instituted against any party answerable on the bond unless such party is joined in the proceedings to foreclose the said mortgage."

This defense is without merit for two reasons, first, that all the parties named in this suit were joined in the proceedings to foreclose the mortgage as shown by the final decree of the Court of Chancery, and secondly, the act relied upon became effective subsequent to the date of filing the bill of foreclosure.

In view of the foregoing conclusions, the judgment of the court is therefore, that the plaintiffs are entitled to a verdict against Mary Egan; Trenton Banking Company and Charles J. Trier, executors and trustees of the estate of Mary L. Dugan, deceased; and Matilda D. O'Neill, in the sum of $30,525.16, said sum to be made from the lands, tenements and hereditaments received by the defendants from Daniel A. Dugan, deceased; and that a verdict of no cause for action be entered in favor of James T. Brown, substituted administrator with the will annexed of Daniel A. Dugan, deceased, against the plaintiffs.