ALFRED CREW, PROSECUTOR, v. THOMAS TRAINOR ET AL., RESPONDENTS.

Submitted December 7, 1917—Decided January 17, 1918.

The act creating a workmen's compensation aid bureau (*Pamph. L.* 1916, *p.* 97) does not provide a new remedy, or impair contracts: it only prescribes a new method of procedure for the enforcement of an existing contract, and its provisions relating to the filing of a state of facts for the injured workman, as a petition in his behalf, does not impair any contract or create a new remedy, and it is applicable to accidents happening prior to the approval of the statute which were within the provisions of the Workmen's Compensation act.

On *certiorari.*

Before Justices GARRISON, BERGEN and BLACK.

For the prosecutor, *Kellogg & Chance.*

For the respondents, *Jacob Willard De Yoe.*

The opinion of the court was delivered by

BERGEN, J.  The defendant was employed by the prosecutor as a night watchman, and while performing his duties as such was injured, and thereupon the workmen's compensation aid bureau, created by the act of 1916 (*Pamph. L., p.* 97), presented to the Court of Common Pleas of the county of Passaic, on behalf of Trainor, the defendant, a statement of facts as provided by the statute, to which the prosecutor filed an answer setting up, among other things, that the act of 1916 did not apply because the accident happened prior to the time it went into effect.  At the hearing there was a motion to dismiss the proceedings for want of a proper petitioner, which was refused and the case proceeded to a judgment awarding compensation.  A writ of *certiorari* was allowed to review the proceedings, and numerous reasons have been filed, all but one challenging the jurisdiction of the court, the remaining one setting up that the claim was barred by the statutory limitation, no proceeding having been instituted for its enforcement within one year after the accident.  No evidence appears in this record, and, therefore, we must assume that the evidence before the trial court justified the finding of the court of the facts which were that the defendant was in the employ of the prosecutor, and on February 19th, 1916, was injured by an accident which arose out of and in the course of his employment; that he received compensation for temporary disability for forty-six weeks, paid by the employer from the date of the accident to January 7th, 1917; that he has received no compensation for injuries, partial in character but permanent in quality, except for nine weeks; that no agreement for compensation approved by the bureau has been filed.

The point most strenuously argued is that the act of 1916, creating the workmen's compensation aid bureau, is not retro-

active, and that, if it is, it violates the federal constitution relating to the impairing of contracts. There is nothing in this point. The act of 1916 merely provides a method for enforcing a remedy theretofore existing, by a new procedure, and in no way impairs any contract. The contract remains the same, but the procedure for its enforcement has been altered without at all changing the legal liability of the prosecutor. *Pennsylvania Company v. Marcus*, 89 *N. J. L.* 633.

The next point is, that all claims for compensation on account of the accident were barred after one year. The statute does bar such claim "unless within one year after the accident the parties shall have agreed upon the compensation, payable under this act, or unless within one year after the accident one of the parties shall have filed a petition for adjudication for compensation." There is no doubt that the state of facts in this case was filed after the year had expired, and that no other petition was ever filed.

We think the trial court was justified in finding that there was an agreement between the parties to pay for disability, partial in character but permanent in quality, and that it was carried out by the prosecutor for nine weeks, and when he declined to further carry out the contract, the petitioner, the defendant here, was entitled to file his petition. *New Jersey DuPont De Nemours Powder Co. v. Spocidio*, 90 *N. J. L.* 438.

The order appealed from will be affirmed, with costs.