WILLIAM DOYNE AND MARTIN H. DOYNE, CO-PARTNERS, TRADING AS PROSPECT PLANING MILL COMPANY, PROSECUTORS, v. MORRIS STOLLERMAN, RESPOND-ENT.

Argued May 5, 1925—Decided November 17, 1925.

**Workmen's Compensation—Legal Notice to Employer of Accident Found to Have Been Given—Counsel Fees—Act of 1918 Expressly Authorizes Counsel Fees—Act Held Constitutional —Award of Counsel Fee in This Instance Not in Anticipation of Weekly Payments, Nor, in Effect, a Commutation of Compensation—Award Not Directed to be Paid From Funds Due From Employer to Employe—It is in Part a Burden Imposed on the Losing Party, in Part An Award Against the Employe Alone.**

On rule to show cause.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the rule, *Frank G. Turner.*

*Contra, Kent & Kent.*

PER CURIAM.

A rule was allowed in this case to show cause why a writ of *certiorari* should not be awarded to review the proceedings in a workmen's compensation proceeding, heard first in the compensation bureau, and, subsequently, on appeal in the Hudson Common Pleas.

The claim was by Morris Stollerman, an employe of the prosecutors, for an injury to the eye received in the course of his employment. Stollerman was awarded by the bureau $102 for temporary disability, $1,530 for permanent disability, $125 for medical expenses, $46 for disbursements in the suit and a counsel fee of $1,000. These awards were sustained on the appeal except that of the counsel fee, $250, was directed to be paid by Stollerman. An additional counsel fee of $100 was awarded counsel on the appeal.

The first contention in support of the rule is that legal notice of the injury was never given to the employer. The act of 1911, section 15, prescribes that notice of an injury shall be given the employer within fourteen days. The accident happened on a Friday, and Stollerman notified a Mr. Doyne, one of the firm, on the following Sunday, that he "had an accident with the glue, went in his eye," and "about the brush going into your [his] eye." While this notice was not as explicit as might be desired, we think it fairly apprised the employers of the fact of injury and satisfies the statute.

It is next contended that the allowance of counsel fees was illegal. Such allowance seems to be expressly authorized by the act of 1918, section 17, page 435, which enacts that "the official conducting any hearing under this act may, in his discretion, allow to the party in whose favor judgment is entered costs of witness fees and a reasonable attorney fee, when, in his judgment, the services of an attorney were necessary for the proper presentation of the case." While the fee awarded seems to be large, the power of the bureau and of the court is clear, and in them is lodged the discretion to determine, in the first instance, what is a reasonable amount, and we cannot say the sum fixed is so clearly unreasonable as to require modification.

It is said, however, that the award anticipates the weekly payments, and, therefore, in effect, commutes the compensation to pay fees in contravention of that portion of paragraph 6 of the act of 1911, as amended by the act of 1913, page 310, which forbids commutation to "make payment to physicians, lawyers or any other persons," and we are referred to the decision of this court in the case of *Naporowski* v. *Serrzan,* 2 *N. J. Mis. R.* 113. We think the decision is not applicable to the facts of this case. Seven hundred and fifty dollars of the award against the prosecutors is in nowise a part of, nor dependent on, the awards to the employe, but is a burden imposed on the losing party under section 17 of the act of 1918, *supra.* Therefore, the question of commutation is by no possibility involved beyond

the award of $250, and, as to this item, it is directed to be paid by the petitioner. The judgment does not direct that it be paid from any funds coming from the employer, but is an award against the employe alone. This is in no sense commutation. Stollerman does not complain, and with the payment the employer is not concerned.

It is next argued that chapter 149 is in conflict with the state and federal constitutions. As to fundamental questions, in that it impairs the obligation of contracts or deprives the prosecutors of due process of law, the constitutionality of the original act of 1911 has been established by this court in the case of *Sexton* v. *Newark District Telephone Co.*, 84 *N. J. L.* 85. Chapter 149 of the laws of 1918 is but a supplement to the original act, and, we think, involves no new question.

It is claimed, however, that the act offends the provision of our state constitution, which requires that legislation shall embrace but one object, and that this object shall be expressed in the title. The title is supplementary to a title which has been in operation since 1911, and, we think, amply restrictive to meet the constitutional requirement. We also think the body of the act follows along valid lines and covers only such matters as are incidental to the object expressed in the title, all of them designed to carry its general purpose into effect. *Easton and Amboy Railroad Co.* v. *Central Railroad Co.*, 52 *N. J. L.* 267.

The rule to show cause will be discharged.