HILARIO FERNANDEZ, PETITIONER-RESPONDENT, v. FORD MOTOR COMPANY, RESPONDENT-PROSECUTOR.

Argued May 2, 1934—Decided August 13, 1934.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the prosecutor, *McCarter & English* (*Herbert R. Baer*, of counsel).

For the respondent, *David Roskein* (*Harold Krieger*, of counsel).

PER CURIAM.

It is admitted that Hilario Fernandez (hereinafter called the workman) on July 27th, 1930, was in the employ of the Ford Motor Company (hereinafter called the employer) and on that day sustained an injury to his left hand arising out of an accident during the course of his employment.

On April 2d, 1931, the workmen's compensation bureau made an allowance of twenty-five per cent. of total permanent disability of the left hand of the workman. Subsequently a petition was filed for additional compensation for permanent disability. The compensation bureau on June 27th, 1933, dismissed the petition.

An appeal was taken to the Hudson County Court of Common Pleas and that court entered a judgment for eighty per cent. of total permanent disability of the left hand and allowed a counsel fee for services rendered in the Common Pleas in the sum of $400. The employer then obtained this

rule to show cause why *certiorari* should not issue to review the Common Pleas judgment. At the argument of this rule counsel agreed that the matter should be considered by the court as though a writ of *certiorari* had been issued and proceed to judgment accordingly, and this course has been adopted by the court.

The employer contends (1) that the Common Pleas Court erred in awarding the workman eighty per cent. of total permanent disability of the left hand; (2) that the allowance of $400 as counsel fee in the Court of Common Pleas was excessive and an abuse of discretion; (3) that the Common Pleas order that $250 be paid by the workman for services rendered by the workman's counsel in the compensation court was improper.

We think that the Common Pleas Court did not err in finding that the workman had suffered increased disability of his left hand since the award was made to him by the compensation bureau in 1931 and that the extent of such disability was eighty per cent. of total permanent disability.

It is apparent that there was serious conflict of testimony upon this topic, especially in respect to the testimony of the physicians, but the testimony of the workman himself, when considered in the light of the testimony of his own physicians as well as in the light of that of the physicians called by the employer, we think amply justifies the finding by the Common Pleas judge that the workman sustained the burden of proof that his disability had increased and that he had lost eighty per cent. of the functional use of his left hand; "that the ulnar nerve was involved and that the hand was entirely deformed and that the workman has a claw hand."

The workman himself testified that since 1932 his hand has been getting worse and more painful in attempting to close the hand, with a growing inability to close it, and with the result that he is unable to get any small article in his hand.

His family physician testified that since 1931 his hand had gotten worse and had lost strength; that he had lost the use of part of his ulnar nerve which resulted in paralysis of

the muscles and that the disability was eighty per cent.; "that his hand is of very little use to him; that he has a claw hand." Another expert called by the workman testified that "there was a loss of all ulnar functions—functions of the ulnar nerve." There was other expert testimony to the same general effect.

On the other hand, experts called by the employer had, and testified to, a different opinion as to increased disability; but there seems to have been a consensus of opinion that the ulnar nerve was involved and that the nerve supply was at least measurably cut off, producing atrophy of the hand.

It would be idle to undertake to state the testimony in greater detail. The impression made upon our minds is that the finding of the Common Pleas judge on this phase of the case was amply supported by the evidence.

We cannot say that the allowance of $400 as a counsel fee in the Common Pleas Court was excessive. The case was hotly contested and seems to have been thoroughly tried and argued, and certainly on this phase of the case we cannot say that there was an abuse of discretion.

With respect to the contention that the Common Pleas Court erred in ordering $250 to be paid by the workman for services rendered by the workman's counsel in the compensation court, it is sufficient to say that there is nothing in the record which we think would justify us in disturbing this action, more especially in view of the fact that the workman does not complain. *Doyne* v. *Stollerman,* 3 *N. J. Mis. R.* 1171; 131 *Atl. Rep.* 68.

In accordance with the agreement of counsel a writ of *certiorari* will be considered as issued and the judgment of this court is that the judgment brought up by the writ of *certiorari* will be affirmed, with costs.