SELINA ROBINSON, PROSECUTOR, v. GERALD B. JACKSON, RESPONDENT.

Submitted October 11, 1935—Decided December 5, 1935.

Before Justices CASE and BODINE.

For the prosecutor, *Nathan Rabinowitz, Milton C. Kitay* and *Isadore Rabinowitz*.

For the respondent, *Herbert C. Dolan*.

BODINE, J. An employe seeks to review a judgment of the Court of Common Pleas reducing a bureau award of sixty-six and two-thirds per cent. of permanent disability of the left foot to twenty-five per cent. It is conceded that the proofs before the bureau showed the degree of disability for which the award was made. The court below reduced the amount awarded because the proofs before the bureau showed an unreasonable refusal of the injured person to accept proffered medical and surgical aid which, if successful, would have reduced her disability to the amount allowed.

The compensation bureau treated the case as one for compensation for the injuries sustained, and held that it could not consider the possibilities of what might be the result of a successful operation. *Feldman* v. *Braunstein,* 87 *N. J. L.* 20; 93 *Atl. Rep.* 679. The findings of disability must be as they exist at the time of the hearing. The compensation bureau deals with the situation as it existed. *Simpson* v. *New Jersey Stone and Tile Co.,* 93 *N. J. L.* 250; 107 *Atl. Rep.* 36. However, the employer is not without remedy. He may under section 20 (e), *Pamph. L.* 1919, *p.* 209; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 3881, § \*\*236-23, file a petition asking the bureau to order proper medical or surgical treatment at his expense and, in the event of refusal, to modify the award. But the statute does not preclude him, as the bureau found, from showing that a large part of the employe's present disability is due to an unreasonable refusal to accept proffered aid. Although the employer did not proceed under section 20 (e), *supra,* it did offer at the hearing proofs under its answer indicating that the injured employe had refused aid which, if accepted, would have resulted in the lessening of her injuries. It is settled law that if it appears at a hearing in the bureau that the employe unreasonably refused to submit to an operation that circumstance would justify a lessening of the award, if the operation without risk of life

would have minimized the effect of the injury. *McNally* v. *Hudson and Manhattan Railroad Co.*, 87 *N. J. L.* 455; 95 *Atl. Rep.* 122; *affirmed*, 88 *N. J. L.* 729; 96 *Atl. Rep.* 293. There seems no reason for a separate hearing on the point where, as here, the pleadings raise the issue and the proofs are convincing. The bureau may not compel an employe to undergo an operation in which his life is endangered, but it is unreasonable to permit an employe to indulge a fancy to avoid medical or surgical treatment and thereby live at the expense of the employer.

The prosecutor of this writ broke her left ankle in August of 1933. She had no immediate care. Many times she was urged by the insurance carrier to go to a hospital, at its expense, for a slight operation which would benefit her. She refused to do so. There appears to be no danger to life and the refusal seems both arbitrary and unreasonable. At first, the refusal was from a groundless fear that she might lose her position and later because of her distrust of physicians. Although the employer did not proceed under the statute, the proofs before the bureau are abundant to show that but for an unreasonable refusal to accept the proffered surgical aid the woman's injuries would be no more than the Court of Common Pleas reduced the award to. The proofs support the findings of the Court of Common Pleas.

The writ is, therefore, dismissed, with costs.