ALFRED L. SAYERS, PLAINTIFF, v. HARRY LICHTMAN AND JULIAN GAZDZINSKI, DEFENDANTS.

Submitted October 11, 1935—Decided August 1, 1936.

Before Justices TRENCHARD, HEHER and PERSKIE.

For the petitioner, *Joseph Beck Tyler.*

For the respondent, *Louis B. LeDuc.*

The opinion of the court was delivered by

TRENCHARD, J. The pertinent facts are these: On March 10th, 1927, Harry Lichtman and Julian Gazdzinski (the latter hereinafter called the petitioner) executed and delivered their bond and mortgage on real property to the respondent Alfred L. Sayers. Subsequently the mortgagors conveyed the

property covered by the mortgage to others. On June 10th, 1932, the respondent filed his bill in chancery to foreclose the mortgage, without making Gazdzinski a party, and on June 11th, 1932, respondent filed his *lis pendens*. On June 14th, 1932, chapter 231, laws of 1932 (page 509), was enacted and took effect immediately. On October 18th, 1932, respondent having secured a final decree in his foreclosure suit, sold the mortgaged property with a resulting deficiency, and filed notice of his intention to enter judgment for that deficiency in this court; and on October 22d, 1932, judgment for the deficiency was duly entered.

The petitioner's application is to open the judgment on the ground that he was not made a party to the original foreclosure suit.

In view of the factual situation we must examine the act of 1932 which amended section 2 of the Mortgage act of 1880. *Pamph. L., p.* 255. Later amendments are not here pertinent. The act of 1932 reads:

"2. In all cases where a bond and mortgage has or may hereafter be given for the same debt, all proceedings to collect said debt shall be, first, to foreclose the said mortgage, and if at the sale of the mortgaged premises under said foreclosure proceedings the said premises should not sell for a sum sufficient to satisfy said debt, interest and costs, then and in such case it shall be lawful to proceed on the bond for the deficiency, and that all suits on said bond shall be commenced within six months from the date of the sale of said mortgaged premises, and judgment shall be rendered and execution issue only for the balance of debt and costs of suit; *provided, however,* that no action shall be instituted against any party answerable on the bond unless such party is joined in the proceedings to foreclose the said mortgage.

"This act shall take effect immediately. Approved June 14th, 1932."

We are not here concerned with what the legislature might have done, but with what it did.

The question for determination is whether that act requiring that the parties liable on the bond accompanying the

mortgage must be made parties to a suit foreclosing the mortgage in order to entitle the mortgagee to proceed against them for deficiency on the bond, applies when the mortgagee brought his suit to foreclose and filed his *lis pendens* prior to the enactment of the statute.

Now in *Hess* v. *Bugbee*, 13 *N. J. Mis. R.* 358; 178 *Atl. Rep.* 626, that precise question was answered by the Circuit Court judge, sitting without a jury, in a Supreme Court issue, and it was there held that this statute prohibiting action on bond secured by mortgage, against a party not joined in the mortgage foreclosure proceedings, was inapplicable in an action on a bond for deficiency resulting from the sale of the mortgaged realty under decree in foreclosure suit filed before such act became effective.

That decision, while not binding on this court, is persuasive in character, and should be upheld, unless it is shown to be erroneous, which we think it is not.

The petitioner refers us to section 3 of the statute relating to repeal of statutes. *Comp. Stat., p.* 4971. But that has to do only with repeal, and therefore, is not applicable to the case at bar.

The petitioner contends that the new requirement of the act of 1932 as to joining of parties to the bond in the foreclosure proceedings should be given a retroactive effect, and so the question is squarely presented whether it is possible, consistently with established canons of construction, to give the act of 1932 such retrospective effect.

Now, no purpose is expressed in the act to give it a retroactive effect, and petitioner is, therefore, left to construction to establish the meaning which he claims for it. In making this contention we believe he is moving counter to established principles.

"* * * Ordinarily, legislative bodies concern themselves with the enactment of laws for the regulation of affairs in the future, not for the disturbance of transactions already concluded, or rights already acquired and acted upon. It is a familiar and important principle always to be kept in mind in the construction of statutes, that they are not to be given

a retrospective effect or operation if their language reasonably admits of another construction. * * *." *Frelinghuysen* v. *Morristown* (*Court of Errors and Appeals,* 1908), 77 *N. J. L.* 493, 496.

That principle applies to procedural statutes (such as this). "While it has been said that statutes relating to remedies or procedure may be given a retroactive operation, a more accurate statement of the 'principle intended is that, unless expressly prohibited by statute, and in the absence of directions to the contrary, or unless in doing so some contract obligation is violated or some vested right divested, statutes merely affecting the remedy or law of procedure apply *to actions thereafter,* whether the right of action accrued before or after the change in the law. * * * Such enactments as do not affect the nature of the remedy but relate solely to incidents of procedure, are applicable to all proceedings taken in pending actions *from the time they take effect.*" 59 *C. J.* 1173, 1174, 1175.

When the respondent herein filed his foreclosure bill without joining the petitioner, he thereby became entitled under then existing law, in the event that the foreclosure sale would not bring the full amount of his mortgage debt, to proceed to collect such deficiency by action on the bond. If the act of 1932 should now be held effective to bar such suit and judgment on the bond, it will operate retroactively by destroying the contingent right which respondent acquired on June 10th when he filed his bill. If petitioner's argument is accepted that on the subsequent passage of the act it then became the duty of the respondent to open his suit, amend his bill of complaint and make the petitioner a party defendant, the act is clearly retroactive in requiring him to correct what he had already done in good faith and in reliance upon existing law.

The authorities in this and other jurisdictions indicate that the contention of the petitioner is unsound, and fully support the position of the respondent.

In the old case of *White* v. *Hunt* (*Supreme Court,* 1798), 6 *N. J. L.* 415, 418 (frequently cited with approval), the

court held that an amendatory statute, enacted during the pendency of a suit at law and providing that no costs should be recovered by a successful plaintiff where the verdict was less than a stated amount, could not be given effect in such pending action. Therein the court said: "This suit was commenced in 1794, previous to the passing of this law, and cannot, therefore, be considered as included within its provisions, unless the language clearly implies a retrospective operation. The word 'commenced' is used in one section, and 'to be commenced' in the other, but we do not think that this alteration in the phraseology is sufficient to induce the court to put a construction of this kind upon language so ambiguous." See, also, *State* v. *Bridgewater* (*Sup Ct.*, 1864), 31 *Id.* 133, and *Hegedus* v. *Thomas Iron Co.* (*Supreme Court,* 1920), 94 *Id.* 292. It therefore seems clear that a procedural statute, in the absence of words indicating a retroactive intent, affects pending litigation to the extent only of such procedural steps as still remain to be taken. Manifestly, if the new act relates to the parties to a cause it points to the beginning of a suit, and when such a suit has already been commenced when the statute is passed the statute can have no effect upon it. Such was the conclusion of the federal court for the southern district of New York in a recent decision in *Richard* v. *National City Bank* (1934), 6 *Fed. Supp.* 156. There the Glass-Seagall Banking act was invoked to justify the removal of a cause from the state court to the federal court. The act in question permitted such removal where national banks were involved, but the suit in question had been commenced a short time before the act was passed. The court said:

"The rule that statutes changing remedies or procedure generally affect future steps in pending suits in the absence of words of exclusion is not in conflict with the rule against retroactivity, for in such cases the statute is applied only in a prospective way." See, also, *Salt Lake, &c., Co.* v. *District Court* (*Utah,* 1914), 140 *Pac. Rep.* 666, where the new statute added the requirement of a verification to a complaint. Against suit already brought such requirement was held to be

ineffective inasmuch as it related to what had already been done. In that case the court said: "Under all the authorities, so far as we are aware, a legislative act which changes the state of the law in respect to procedure, and which requires matters to be alleged in a complaint and proved at the trial which were not required when the complaint was filed and the action begun, as a general rule, are given no application to a pending action at all, and in no event unless the statute, in specific terms, so provides. While the rule is now well recognized by all the courts that statutes relating to or affecting procedure or remedies merely, *prima facie* at least, apply to all acts or steps still to be done or taken in a pending action, yet it is equally well established that such statutes do not apply to the acts or steps already done or taken in a pending action, and in no event do they apply to the latter acts or steps, unless it is expressly so provided in the statute." To the same effect are the cases of *Hanover National Bank* v. *Johnson* (*Ala.*), 8 *So. Rep.* 43; *Steinbauer* v. *Bondesen* (*Cal.*, 1932), 14 *Pac. Rep.* (*2d*) 106, 108; *State* v. *Haid* (*Mo.*, 1922), 52 *S. W. Rep.* (2) 183, 186; *Devlin* v. *Heid Bros.* (*Tex.*, 1932), 47 *Id.* (2) 383, 386.

We believe that petitioner's New York citations do not support his argument. It seems that the statute in each instance was made to apply only to procedural steps in the pending suit which were taken after the new act was passed.

It seems to us that the legal test as to operation to an existing litigation of any statute affecting procedure, and passed during the pendency of such litigation, is whether it relates to what has already transpired in such litigation, or to what has yet to transpire. In the former case it has no application, barring, of course, an express provision for that purpose. In the latter case it applies.

We express no opinion with respect to the suggestion that the petitioner might obtain equitable relief in some other proceeding.

In the instant case the petitioner's application will be denied, and his rule to show cause discharged, with costs.