BERGEN COUNTY COURT OF COMMON PLEAS.

SELINA ROBINSON, PROSECUTOR-APPELLANT, v. GERALD B. JACKSON, DEFENDANT-RESPONDENT.

Decided October 20, 1936.

For the prosecutor-appellant, *Nathan Rabinowitz.*

For the defendant-respondent, *Herbert C. Dolan.*

LEYDEN, C. P. J. The prosecutor-appellant had an award in the bureau and, on appeal to this court, the amount thereof was reduced. The Supreme Court, on *certiorari,* affirmed the judgment of this court (13 *N. J. Mis. R.* 858; 181 *Atl. Rep.* 704), and on May 14th, 1936, the Court of Errors and Appeals (116 *N. J. L.* 476; 184 *Atl. Rep.* 811) reversed the Supreme Court and remanded the cause "for further proceedings in conformity with this opinion." The *remittitur* was filed on July 29th, 1936. In the *interim,* chapter 172, *Pamph. L.* 1936, *p.* 409 (*N. J. Stat. Annual* 1936, § \*\*236-61) was passed and approved on June 20th, 1936. This act provides that the Court of Common Pleas may, in its discretion, allow to the party prevailing a reasonable attorney's fee to be taxed in the costs and paid by the unsuccessful party in cases where (a) the judgment of the bureau is appealed to the Pleas, (b) the judgment of the Pleas is reviewed by the Supreme Court by *certiorari* and (c) the judgment of the Supreme Court is reviewed by appeal to the Court of Errors and Appeals.

The present application is two-fold: first, to enter judgment in accordance with the mandate of the Court of Errors and Appeals, and, second, for a reasonable attorney fee to the prosecutor-appellant in the Supreme Court and the Court of Errors and Appeals.

The defendant-respondent resists the application for the fees, insisting that the opinion of the Court of Errors and Appeals terminated the litigation to all intents and purposes before the passage of chapter 172, *Pamph. L.* 1936, and, therefore, the statute is inapplicable to the present situation. He further argues that an allowance under this statute affects his substantial rights, was not within the contemplation of the parties when the insurance contract was effectuated and is, therefore, an impairment of that contractual obligation.

As appealing as the argument may be, the law, as I understand it, is otherwise. The Court of Errors and Appeals directed further proceedings in accordance with its opinion and until its mandate was returned here, this court was not reinvested with jurisdiction in the premises. See *Welsh* v. *Brown,* 42 *N. J. L.* 325. The present litigation will, therefore, not be terminated until the appropriate judgment is entered in this court in conformity with the direction of the Court of Errors and Appeals.

The rule in this state is that the allowance of costs is governed by the status of the law at the time of the termination of the action and there is nothing in the present statute which excepts the allowance of costs in pending actions. All the arguments advanced against the allowance of the attorney fees are answered by the opinion of the Court of Errors and Appeals in *Igoe Brothers* v. *National Surety Co.,* 112 *N. J. L.* 243; 169 *Atl. Rep.* 841; 96 *A. L. R.* 1422, a case strikingly similar to the present.

The total award of compensation to the prosecutor-appellant is the sum of $1,405.22. Her attorney was allowed the sum of $250 for his work before the bureau and $75 for the appeal to the Pleas. In addition thereto the Supreme Court taxed costs in his favor in the sum of $92.55 and the costs taxed in the Court of Errors and Appeals amount to $341.62. The questions presented on the appeals were novel in the sense

that they had not been passed upon by the appellate courts of this state. The prosecutor-appellant did not prevail in the Supreme Court and is, therefore, not entitled to an attorney fee there. The defendant-respondent did prevail but seeks no fee from the prosecutor-appellant on that count. Taking into consideration the status of the law at the time the opinion of the Court of Errors and Appeals was rendered, the delay in the filing of the *remittitur,* the novelty of the question presented on appeal, the total amount of the award of compensation, the sums already awarded for legal services and taxed costs, the work performed on the appeal and the success of the defendant-respondent in the Supreme Court, I think the sum of two hundred fifty dollars ($250) is a reasonable attorney fee to the party prevailing in the Court of Errors and Appeals for services on said appeal and such will be the order.