GEORGE EVERHARDT, PROSECUTOR, v. NEWARK CLEAN-
ING AND DYEING COMPANY, RESPONDENT.

Argued October 6, 1936—Decided February 6, 1937.

Before Justices PARKER and LLOYD.

For the prosecutor, *Charles M. Grosman*.

For the respondent, *Franklin J. Marryott*.

LLOYD, J.   This is a workmen's compensation case in which
an award to the injured employe by the bureau was par-
tially affirmed in the Pleas.   The important question involved
is whether disfigurement (very marked in this case, the
claimant being a negro whose face was badly scarred by burn-
ing fluids, exhibited in the court below and to us on the
argument) is compensable as under the award, under the
opinion, or not at all.

The employe was injured otherwise and was awarded thirty
per cent. of total disability.   This appears not to be in
controversy.

Both parties have writs of *certiorari* and of course are
here complaining; the employe of the reduction in the award
for disfigurement, the employer of any allowance whatever,
and of the allowance of counsel fees.

The Workmen's Compensation act, in section 11, paragraph
7, as amended, 1 *Supp. Comp. Stat.* 1925-1930, *p.* 1974,

enacts that "compensation for personal injuries * * * to such employe by accident arising out of and in the course of his employment shall be made by the employer without regard to the negligence of the employe according to the schedule contained in paragraph 11 in all cases except," &c.

Sub-paragraphs a, b and c of paragraph 11 provide for total disability, temporary and permanent, and compensation therefor. Sub-paragraph c provides that for "disability partial in character but permanent in quality compensation shall be based on the extent of such disability." Then follows a list of specified injuries and the apportionment of compensation, not important in the consideration of this case.

Section 11, sub-paragraph w proceeds to enact that in all lesser or other cases involving permanent loss, or where the usefulness of a member or any physical function is permanently impaired, the compensation shall be sixty-six and two-thirds of daily wages, and the duration of compensation shall bear such relation to the specific periods of time stated in the above schedule as the disability bears to those produced by the injuries named in the schedule," with limited periods of payments.

A reading of the several sections of the act seem clearly to indicate a legislative purpose to provide for disability and for disability alone, and that disability is that which disqualifies the employe from doing work in whole or in part. This we think is the construction impliedly accepted by litigants and the bar, as is evidenced by the fact that this is the first case presented to this court of a claim for compensation for disfigurement since the enactment of the statute in 1911, and by the courts in the cases of *DeZeng Standard Co.* v. *Pressy,* 86 *N. J. L.* 469; *affirmed,* 88 *Id.* 382; *Burbage* v. *Lee,* 87 *Id.* 36, and others.

In the DeZeng case, Mr. Justice Parker, speaking for this court, said: "The disability intended thereby [the act] is a disability due to the loss of a member or part of a member or a function, rather than mere loss of earning power." This opinion was adopted on the affirmance. In that case it was claimed that if there was injury but no loss of actual wages

there was no loss of earning power, and that this precluded an award. The court refused to take this view, declaring that it was disability alone that counts, whether loss of physical parts or loss of function.

In the case before us there is quite possibly a loss of earning power but no disability. The disfigurement and scars on the claimant's face may well deter employment and thereby lessen his earning power, but they in nowise impair his ability to work.

Our act is but a prototype of others adopted generally by other states of the union and in which similar language has been used. In a brief in the present case there is presented a list of twenty-nine states in which disfigurement (usually of the face or head) as such is listed as basis of award, and we are further told that of this list numerous amendments of the original acts were necessary to accomplish this purpose. Statutes similar to the one before us have been construed as we now interpret our own. *Stubbe* v. *Industrial Board,* 280 *Ill.* 208; *Indiana Coal Co.* v. *Meek,* 117 *N. E. Rep.* (*Ind.*) 332; *Seneca Coal Co.* v. *Carter,* 205 *Pac. Rep.* (*Okla.*) 495; *Hartford Accident Co.* v. *Hay,* 159 *Tenn.* 202; *Hyett* v. *Northwestern Hospital,* 180 *N. W. Rep.* 552; *Boyer* v. *Crescent Paper Box Factory,* 78 *So. Rep.* (*La.*) 596; *Shinnick* v. *Clover Farms Co.,* 169*th Appeals Div.,* 236 *N. Y.*

It must be remembered that the act in its second section creates a contractual relation between employer and employed, and this relation creates neither an action for damages nor a substitute for an action for damages, but an arbitrary appraisal of the disability which the employe suffers in the vicissitudes of our industrial life.

Our conclusion is that if disfigurement, standing alone, is to be made the basis of compensation it must be done by the legislature and not by an extension of the act by judicial construction. If and when such legislation shall be deemed desirable the legislature can determine what types of disfigurement, marks, and scars, on what portion of the face, head or body, shall be considered, and within what limits and bounds awards of compensation shall be made.

We think counsel fees were properly allowed and justly apportioned.

So much of the judgment as accords compensation for disfigurement is reversed, but otherwise it is affirmed, without costs to either party.