Essex County Court of Common Pleas.

ISRAEL FEINSOD, PETITIONER-APPELLEE, v. L. & F. CONSTRUCTION CO., A NEW JERSEY CORPORATION, RESPONDENT-APPELLANT.

MORRIS SAVITT, PETITIONER-APPELLEE, v. L. & F. CONSTRUCTION CO., AND NEW JERSEY MANUFACTURERS CASUALTY INSURANCE CO., RESPONDENTS-APPELLANTS.

Decided February 23, 1939.

For the petitioner-appellee Israel Feinsod, *Louis L. Feinseth* (*Julius Stein,* of counsel).

For the petitioner-appellee Morris Savitt, *David Roskein.*

For the respondents-appellants, *George E. Meredith* and *Kellogg & Chance* (by *R. Robinson Chance*).

HARTSHORNE, C. P. J. The two above cases are submitted together to this court for decision on the employer's appeal from awards in the employes' favor before the Compensation Bureau, for the reason that both employes, the petitioners, were employed by the same employer, one of the respondents, were both injured in the same accident, and the major question of law involved is identical. This major issue is as to the constitutionality and construction of *Pamph. L.* 1936, *ch.* 162, *p.* 381 (*R. S.* 34:15-40), covering the credit to be given the employer on the award against him, for the employe's recovery against a third party *tort feasor.*

A word as to the purpose of this legislation will be helpful. Originally there was uncertainty whether the employe could obtain a double recovery when an accident occurred during, and in the course of, the employment, for which a third party was responsible, one, under the Workmen's Compensation act from his employer, the other, at common law from the *tort feasor.* This unsettled situation led to the enactment of certain statutes (*Pamph. L.* 1913, *ch.* 174, *p.* 311; *Pamph. L.* 1919, *ch.* 93, *p.* 211; *Pamph. L.* 1931, *ch.* 279, *p.* 704), the 1931 act providing that the employe's recovery from the third party should be credited on the award against the employer. In the case of *Deuchar* v. *Standard Accident Insurance Co.,* 117 *N. J. L.* 375; 189 *Atl. Rep.* 61, this act

was construed to give the employer the benefit of the full amount of such third party recovery, up to the full amount of the award itself, despite the fact that the employe had been compelled to pay his attorney a very substantial attorney's fee to obtain this third party recovery, which went to benefit the employer, not the employe. The policy of thus cutting down the award to the employe, by the amount of the fee which benefited the employer, naturally caused further question. So we find the legislature thereafter enacting the 1936 statute in question, providing for these attorney's fees to be charged against the employer, who primarily benefited from the work done, and not against the employe. Such is the pertinent legislative history, in bare outline.

But the employer here claims that the specific provisions of the 1936 act render it invalid, at least as to the cases at bar, both as a denial of due process (United States Constitution, amendment 14, section 1), and also as an impairment of the obligation of a contract (United States Constitution, article I, section 10, paragraph 1), and presumably as well under the similar contract provisions of the New Jersey Constitution (article IV, section 7, paragraph 3). In addition, the employer claims that the act was improperly construed in the bureau, such construction resulting in its paying some $3,500 more than it should, even if the act were validly applicable. We proceed to the examination of these claims.

As to the constitutional question, it is claimed that the rights of the employer and employe *inter sese* are contractual, stem from the contract of employment, and are vested by the accident. That since the accident occurred January 13th, 1936, before the 1936 act took effect, on June 22d, 1936, the previous act, that of 1931 (*supra*), governs the rights of the parties. So that the attempt by the court below to apply the 1936 act, which lessens the employer's credit on the award, below the credit fixed by the 1931 act, both took the employer's property without due process and impaired the obligation of his contract. The constitutional issue thus is, whether the employer, the minute the accident occurred,

acquired a vested right to have the attorney's fee in question charged against the employe, and not against himself.

We must here bear in mind the fact that these attorneys' fees are themselves but a mere item of deduction, from the credit claimed by the employer on the award against him. The question then is, when does the employer acquire a vested right to this credit, with or without this deduction of attorneys' fees? Turning to the 1931 statute, we find it expressly stated: "The obligation of the employer under this statute to make compensation (to pay the award against him in full) *shall continue until the payment, if any,* by such third person or corporation is made." It is thus clear that the accident itself gives the employer no right to any credit, nor does the employe's judgment against the third party *tort feasor*. Even then, the employer is entitled to a credit on the award of exactly nothing. This credit is to be given the employer only if, and when, "payment * * * is made * * * by such third person." It is the payment which gives rise to the credit.

Turning to the 1936 act, we find there the similar provision that, "In the event that the employe * * * shall recover and be paid from the said third person or corporation," such credit shall be given. The 1936 act further provides: "(1) The obligation of the employer * * * to make compensation payments shall continue until the payment, if any, by such third person or corporation is made." Here again the intent is clear that the credit stems from the payment.

In fact, employer's argument, that the credit stems from the accident as a contractual obligation, proves too much. For if so, the parties' rights would be vested, not by the accident, which is ordinarily tortious and certainly not contractual, but by the contract of employment, which occurred long previous to the accident. And no one has had the temerity to suggest that the legislature is bound, as to even such a substantial provision as the schedule of compensation, by the date the employe enters his employment.

But to return. Since the employer's credit stems from the

payment by the third party, we turn thereto. This payment occurred, in both cases, May 27th, 1937, almost a year after the 1936 act took effect. Such being the case, the bureau has not attempted to give the 1936 act a retroactive effect. Since such act was in effect when the employer's rights to the basic credit arose, such act, in its applicability to such credit, and its subordinate attorney's fee deduction therefrom, impairs no contractual obligation and constitutes due process. Moreover, there is strength in the suggestion that the statutory change in the imposition of attorney's fees, the prime point at issue, is merely procedural and not substantive. *Murphy* v. *George Brown & Co.*, 91 *N. J. L.* 412; 103 *Atl. Rep.* 28; *Doyne* v. *Stollerman*, 3 *N. J. Mis. R.* 1171; 131 *Atl. Rep.* 68; *Igoe Bros.* v. *National Surety Co.* (*Court of Errors and Appeals*), 112 *N. J. L.* 243; 169 *Atl. Rep.* 841; *Robinson* v. *Jackson*, 14 *N. J. Mis. R.* 866; 187 *Atl. Rep.* 918. If so, it is well settled there is no violation of the contract clauses. *Crew* v. *Trainor*, 91 *N. J. L.* 87; 102 *Atl. Rep.* 905; *affirmed* (*Court of Errors and Appeals*), 92 *N. J. L.* 512; 105 *Atl. Rep.* 893; *Lapp* v. *Belvedere* (*Court of Errors and Appeals*), 116 *N. J. L.* 563; 184 *Atl. Rep.* 837; *Sayers* v. *Lichtman*, 117 *N. J. L.* 5; 186 *Atl. Rep.* 537.

As for the construction of the 1936 act, the fact that the parties differ widely is doubtless due to the complicated, interdependent, mathematical, terminology employed. One of the basic purposes for the enactment of the 1936 act was, as seen above, to impose the attorney's fee, not, as previously, on the employe, but on the employer, for whose benefit the third party recovery primarily goes as a credit. The question now is, how to calculate this attorney's fee, the employe claiming that it is to be calculated upon the entire third party recovery, the employer that it is to be calculated only upon a certain "reimbursement" to the employer, ordinarily a very much smaller sum, here in fact zero. The attorney's fee is expressly defined in (5) of the statute as follows:

"* * * 'Attorney's fee' shall mean such fee, but not in excess of thirty-three and one-third per centum (33 1-3%) of that part of the sum paid in release or in judgment to the

injured employe or his dependents by said third party or corporation to which the employer or his insurance carrier shall be entitled in reimbursement under the provisions of this paragraph, but on all sums in excess thereof, this percentage shall not be binding."

The employer reads this as meaning that this fee shall never exceed an amount equal to one-third of the "reimbursement" to the employer. This "reimbursement," in turn, according to sections (3) and (4) can never exceed the employer's payments on the award, which have been actually made previous to the payment of the third party recovery. Often, and in both the cases at bar, for instance, this "reimbursement" amounts to exactly nothing, for reasons hereinafter stated. In other words, if we adopt the employer's construction, the statutory attorney's fee here is zero. Furthermore, the employer's construction gives no rational meaning to the last two lines of the sentence defining such "attorney's fee," as follows, "but on all such sums in excess thereof, this percentage shall not be binding." These words clearly refer to the same thing to which the rest of the sentence refers, i. e., the statutory deductions from the employer's credit. The clear meaning of the above-quoted attorney's fee provision, admittedly somewhat inartistically expressed, is that the attorney's fee, for the purposes of the statutory deduction, is to be composed of two items. The first is one-third of the "reimbursement," or in the cases at bar, one-third of zero; the second, is the actual fee charged on the balance of the recovery from the third party. In the cases at bar, this becomes immaterial, since the attorney's fee in fact charged is one-third of the entire recovery, an amount well within the statutory, as well as the customary, limits. Doubtless the reason for the different bases fixed for this attorney's fee calculation, is that it was thought unfair to permit any charge in excess of one-third on the sum actually repaid the employer. But on the balance of the third party recovery, to be used only as a credit, more latitude is permissible, though same would still be subject to scrutiny by the court of its officer's actions.

In view of the complicated, interdependent, mathematical, provisions of the statute (see particularly subsections (2), (3), (4) and (5)), the construction of these provisions, and the calculation of the appropriate credit to the employer and incidental deduction of attorney's fee, will be set forth as an appendix to this opinion, in tabular form. But in this regard, it should be added that in all cases where the compensation and medical payments by the employer exceed the difference between the award and the net credit to the employer, so that there is an actual "reimbursement" to the employer, the statute creates a mathematical impossibility. For it provides in (3) that the statutory "reimbursement" is to be calculated upon the basis, *inter alia,* of a determined attorney's fee. Then the statute provides in (5) that such attorney's fee is to be calculated upon the basis, *inter alia,* of this "reimbursement," as if same had been already determined. Obviously, no calculation can be based upon an undetermined factor, whichever way the problem is approached. But since there is no actual "reimbursement" in the cases at bar, and the statute is intelligible as here applicable, the above difficulty cannot be considered now as affecting the statute's constitutionality or construction. *Gorieb* v. *Fox,* 47 *S. C. R.* 675; 274 *U. S.* 603.

Finally, as to the amount of Feinsod's disability, the employer objects to an award of total permanent of eighty per cent. We must here bear in mind that employer's medical experts admitted such disability to be seventy-five per cent. On the other hand, not only did certain of the employe's physicians estimate the disability to be eighty per cent., but the testimony is clear that the employe was one hundred per cent. industrially disabled. He not only cannot perform his old job, but he cannot hold any kind of a job. He cannot even walk normally, or sit still for more than half an hour. Employer's sole objection to the award of eighty per cent. is based upon the fact that the employe can wash his face and feed himself, as can a child of three. Clearly, the eighty per cent. award is proper on a general functional basis.

As to the costs and counsel fees in the Feinsod case, the employer did not admit seventy-five per cent. of total perma-

nent disability until the case opened for trial. Under such circumstance, his offer comes too late to avail him. *Everhardt* v. *Newark Cleaning and Dyeing Co.,* 14 *N. J. Mis. R.* 270; 184 *Atl. Rep.* 200; *affirmed,* 117 *N. J. L.* 581; 189 *Atl. Rep.* 926. The costs and counsel fees allowed below will, therefore, be affirmed.

In the Savitt case, which was heard in the bureau before the Feinsod case, but $150 was allowed as counsel fees to petitioner's attorney for his extended work in this novel situation, this attorney, as a matter of fact, not being the one who benefits from the fees obtained on the third party settlement. Accordingly, the same counsel fees will be allowed the petitioner's attorney in the Savitt case as were allowed the petitioner's attorney in the Feinsod case, *i. e.,* $550, $350 to be paid by the employer, $200 by the employe.

A determination may be entered in both cases in accordance with the above opinion.

## APPENDIX.

### FEINSOD CASE

| | |
|---|---:|
| Amount of third party recovery | $12,000.00 |
| Award against employer | 12,779.72 |
| Previous payments by employer | 1,370.00 |
| Court expenses allowed by Bureau | 200.00 |
| Actual attorney's fees | 4,000.00 |

---

| | | |
|---|---:|---:|
| Third party recovery | | $12,000.00 |
| Court expenses | $200.00 | |
| Attorney's fees=(1) 1/3 of 0 [see below]=0 plus fee on balance. Actual fee=1/3 of $12,000= | $4,000.00 | |
| Suit charges | $4,200.00 | 4,200.00 |
| Net recovery from third party | | $7,800.00 |

This net recovery, $7,800, is less than the award
of $12,779.72, therefore (3) of statute applies:

| | |
|---|---|
| Award . . . .. ... .... ... ............. | $12,779.72 |
| Net recovery ........ ......... .. ... | 7,800.00 |

| | |
|---|---|
| Liability of employer .. ... ...... ....... | $4,979.72 |
| Less credit for previous payments . ...... .. | 1,370.00 |

| | |
|---|---|
| Net liability of employer ... . ... . ... | $3,609.72 |

[Employer to be reimbursed for excess of $1,370
over $4,979.72 . ............ . ....... ...    $0.00
Employe to receive for attorney's fees (1) 1/3 of
"reimbursement" (excess of $1,370 over
$4,979.72), or 1/3 of 0 ...... .. ... ....    0.00
Plus (2) actual fee charged on balance of recovery  4,000.00]

## Savitt Case

| | |
|---|---|
| Amount of third party recovery . .......... .. | $12,000.00 |
| Award against employer .... .. ...... .. .. | 10,190.00 |
| Previous payments by employer . ... ....... | 1,382.00 |
| Court expenses allowed by Bureau .... ....... | 200.00 |
| Actual attorney's fees ........ ......... .. | 4,000.00 |

---

| | | |
|---|---|---|
| Third party recovery ...................... | | $12,000.00 |
| Court expenses . ..... ........... | $200.00 | |
| Attorney's fees=(1) 1/3 of 0 [see be-low]=0 plus fee on balance. Actual fee=1/3 of $12,000= ... . . | $4,000.00 | |
| Suit charges ..... . ......... ... | $4,200.00 | 4,200.00 |
| Net recovery from third party .....'........ . | | $7,800.00 |

This net recovery, $7,800, is less than the award
of $10,190, therefore (3) of statute applies:

Award ................................ $10,190.00
Net recovery ........................... 7,800.00

Liability of employer ..................... $2,390.00
Less credit for previous payments ............ 1,382.00

Net liability of employer .................... $1,008.00

[Employer to be reimbursed for excess of $1,382
over $2,390 ........................... $0.00
Employe to receive for attorney's fees (1) 1/3 of
"reimbursement" (excess of $1,382 over
$2,390), or 1/3 of 0 ..................... 0.00
Plus (2) actual fee charged on balance of recovery 4,000.00]