JOHN FOUNTAIN, PETITIONER-RESPONDENT, v. BOOTH & FLINN, LTD., RESPONDENT-PROSECUTOR.

Submitted May 2, 1939—Decided August 14, 1939.

Before Justices PARKER, BODINE and PERSKIE.

For the prosecutor, *Edward A. Markley* and *Patrick F. McDevitt*.

For the respondent, *William E. Sewell*.

The opinion of the court was delivered by

PERSKIE, J. The sole question we are called upon to decide in this case is whether the fee of $750 allowed to counsel for respondent is, under the proofs exhibited, unreasonable.

The facts which give rise to this question are that on October 10th, 1937, the respondent filed a claim for compensation. The Workmen's Compensation Bureau dismissed the petition. On appeal the Hudson County Court of Common Pleas reversed the bureau and awarded compensation to the respondent in the sum of $5,577. To review that judgment the Supreme Court granted a writ of *certiorari* and affirmed the judgment of the Pleas. We find that the judgment of the Supreme Court has since been affirmed by the Court of Errors and Appeals. 122 *N. J. L.* 427; 5 *Atl. Rep.* (2d) 741.

After the Supreme Court affirmed the judgment in the Pleas, application was made by counsel for respondent to the Hudson County Court of Common Pleas for a counsel fee as the prevailing party and he was allowed $750. A justice of the Supreme Court granted a writ of *certiorari* to review that allowance.

The allowance of fees on appeal or *certiorari* in a workmen's compensation case is regulated by statute. This statute (*R. S.* 34:15-67) provides as follows:

"The Court of Common Pleas may, in its discretion, allow a reasonable attorney fee to the party prevailing in the trial of such appeal, which fee may be taxed in the costs and recovered against the unsuccessful party. In cases where the judgment of the Court of Common Pleas is reviewed by the Supreme Court by *certiorari,* the Court of Common Pleas may allow a reasonable attorney fee to the party prevailing

on the *certiorari* for his services on the *certiorari,* which fee shall be taxed in the costs and become a part of the final judgment in the cause, and may be recovered against the unsuccessful party. In cases where an appeal is taken from the judgment of the Supreme Court to the Court of Errors and Appeals, the Court of Common Pleas may allow a reasonable attorney fee to the party prevailing on the appeal to the Court of Errors and Appeals for his services on the appeal, which fee shall be taxed in the costs and become a part of the final judgment in the cause, and may be recovered against the unsuccessful party."

The problem of fixing a counsel fee, although permissible here under the statute, is one that is not free from difficulty. The nature of the issues involved, novel or established, reasonable time consumed, expenses incurred, conditions of employment, and results obtained, are some of the factors to be considered in admeasuring in dollars and cents the value of the professional services rendered by an attorney or counselor-at-law. Without detailing the proofs offered by respondent—suffice it to observe that they tend to support the reasonableness of the fee allowed. Prosecutor's challenge thereof is not based upon proofs to the contrary but rather is the challenge based upon the alleged lack of the probative value of respondent's proofs. In order for prosecutor to prevail it was obliged to prove that the allowance was "unreasonable." The allowance here is not at all out of line with the allowances for example in such cases as *Robinson* v. *Jackson,* 14 *N. J. Mis. R.* 866; 187 *Atl. Rep.* 918, and *Comparri* v. *James Readding, Inc.,* 121 *N. J. L.* 591; 3 *Atl. Rep.* (*2d*) 802. In the Robinson case fee was awarded to the prevailing attorney on an appeal from the Supreme Court to the Court of Errors and Appeals in the sum of $250. The amount involved was $1,405.22 and the allowance represented about eighteen per cent. of the total amount involved. In the Comparri case the total amount involved was $1,800 and the prevailing attorney was granted a fee of $300 or about fifteen per cent. of the amount involved for services rendered in the Supreme Court. In the case at bar the allowance is about thirteen per cent. of the amount involved.

In the interest of proper practice, we cannot pass, *sub silentio*, what we regard as an irregularity in this case as presented, although no objection is made thereto. Pursuant to a rule of this court, depositions were taken on the issue, namely, the value of the services rendered. This is not the type of case contemplated by section 11 of our *Certiorari* act. This is a case in which the aggrieved party sought to review an order of the Hudson County Court of Common Pleas which, under the statute, is vested with authority to fix fees. As a reviewing court we should have a record based upon an official transcript of what actually was said and done in the court whose order or judgment we are asked to review, and not upon a record, as here, based upon testimony taken which for aught that appears was not even submitted to the court below.

Thus upon the proofs submitted, we find, as a fact, that the allowance to respondent was reasonable.

The writ is dismissed, with costs.