[No. F063125. Fifth Dist. Dec. 19, 2012.]

NEIL GROSSMAN et al., Plaintiffs and Respondents, v.
PARK FORT WASHINGTON ASSOCIATION, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of the Facts, Proceedings, and parts I.–V. and VII. of the Discussion.

COUNSEL

Robert J. Rosati for Defendant and Appellant.

Michael A. Milnes for Plaintiffs and Respondents.

OPINION

FRANSON, J.—

## INTRODUCTION

This appeal involves a dispute between a homeowners association and property owners who built a cabana and fireplace in their backyard without obtaining prior approval from the homeowners association. The homeowners association contends the applicable governing documents prohibited the cabana and fireplace. Thus, the homeowners association concludes it properly denied the owners' request for a variance and properly imposed a fine of $10 per day until the cabana and fireplace were removed.

The trial court interpreted the governing documents as allowing the cabana and requiring the fireplace to be 10 feet from the property line. Applying this interpretation, the court required the fireplace to be modified, concluded a variance was not needed for the cabana, and vacated the continuing fine. The trial court also awarded statutory attorney fees to the property owners after deducting 10 hours for the unsuccessful claims. The fee award included attorney time spent on prelitigation mediation.

■ In the unpublished portion of this opinion, we conclude that the trial court properly interpreted the governing documents of the homeowners association and, when awarding attorney fees, did not abuse its discretion by deducting only 10 hours of attorney time for the unsuccessful claims. In the published portion of this opinion, we address a novel issue of statutory construction concerning the scope of the attorney fees provision in the Davis-Stirling Common Interest Development Act (the Davis-Stirling Act) (Civ. Code, § 1350 et seq.). We interpret Civil Code section 1354, subdivision (c) to allow a prevailing party to recover attorney fees and costs incurred in prelitigation mediation.

We therefore affirm the judgment and the order granting the motion for attorney fees.

## FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## PROCEEDINGS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISCUSSION

I.–V.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

VI.   *Attorney Fees for Prelitigation ADR*

After Neil and Doredda Grossman (the Grossmans) obtained a judgment in their favor against defendant Park Fort Washington Association (the Association), they filed a motion requesting attorney fees for 331.9 hours that their attorney worked on their behalf. The attorney time included 38.1 hours incurred between July 12, 2007, and November 26, 2008, in connection with a mediation of the parties' dispute. The mediation occurred before the lawsuit was filed in June 2009. The Grossmans' motion also requested costs, including $875 paid as one-half of the fee charged by the retired justice who conducted the mediation.

---

*See footnote, *ante*, page 1128.

The Association's opposition to the motion for attorney fees included the argument that the recovery for time spent on prelitigation mediation was not authorized by the attorney fees provision contained in Civil Code section 1354, subdivision (c).

Ultimately, the trial court granted the motion for attorney fees and awarded the Grossmans $112,665 in attorney fees. This award included compensation for the 38.1 hours incurred in the prelitigation mediation.

### A.  Statutory Provisions

The Davis-Stirling Act includes provisions addressing alternative dispute resolution (ADR), including the initiation of such nonjudicial procedures, the timeline for completing ADR, and the relationship between ADR and any subsequent litigation. (See Civ. Code, §§ 1369.510–1369.590.) Among other things, the legislation provides that an "association or an owner or a member of a common interest development may not file an enforcement action in the superior court unless the parties have endeavored to submit their dispute to alternative dispute resolution pursuant to this article." (Civ. Code, § 1369.520, subd. (a).)

The Davis-Stirling Act also includes the following mandatory attorney fees provision: "In an action to enforce the governing documents, the prevailing party shall be awarded reasonable attorney's fees and costs." (Civ. Code, § 1354, subd. (c).)

One way this attorney fee provision and the ADR requirements interact is addressed in Civil Code section 1369.580: "In an enforcement action in which fees and costs may be awarded pursuant to subdivision (c) of Section 1354, the court, in determining the amount of the award, may consider whether a party's refusal to participate in alternative dispute resolution before commencement of the action was reasonable."

### B.  The Association's Contentions

The Association reads the statutory language in subdivision (c) of Civil Code section 1354 as authorizing only the recovery of fees and costs *incurred in the action* to enforce the governing documents. Based on this interpretation, the Association argues that the Grossmans are not entitled to recover fees and costs incurred in prelitigation ADR and the trial court erred, as a matter of law, in awarding such fees and costs.[7]

---

[7] The attorney fees relate to 38.1 hours incurred between July 12, 2007, and November 26, 2008. The costs include $875 paid as one-half of the fee charged by a retired justice to conduct the ADR proceeding.

The Association's argument is purely textual. (See Scalia & Garner, Reading Law: The Interpretation of Legal Texts (2012) p. 16 ["exclusive reliance on text when interpreting [a statute] is known as *textualism*"].) It has not presented any legislative history that demonstrates, either directly or by implication, the Legislature intended to have attorney fees and costs incurred in ADR excluded from the award. Also, the Association has indentified no public policy that would be promoted by its interpretation of the statute.

### C. *Interpretation of Attorney Fees Statute*

■ Civil Code section 1354, subdivision (c) reads: "In an action to enforce the governing documents, the prevailing party shall be awarded reasonable attorney's fees and costs." This text does not explicitly limit the recovery of attorney fees and costs to those items *incurred in* the lawsuit itself. Instead, it specifies two conditions that must exist before the award of reasonable attorney fees and costs is mandatory. The first statutory condition is the existence of an "action to enforce the governing documents . . . ." (Civ. Code, § 1354, subd. (c); see *Salawy v. Ocean Towers Housing Corp.* (2004) 121 Cal.App.4th 664, 670 [17 Cal.Rptr.3d 427] [attorney fees provision expressly limits award to actions to enforce governing documents].) The second condition is the existence of a prevailing party. (*Chapala Management Corp. v. Stanton* (2010) 186 Cal.App.4th 1532, 1546 [113 Cal.Rptr.3d 617] [attorney fees are awarded as a matter of right to the prevailing party].)

Here, the Grossmans satisfied both conditions. The lawsuit was an action to enforce terms in the master declaration of covenants, conditions, restrictions and easements recorded in September 1984 (CC&R's)—particularly section 7.14 of the CC&R's. It is undisputed that the CC&R's are "governing documents" for purposes of the attorney fees provision in the Davis-Stirling Act. (See Civ. Code, § 1351, subd. (j) [" '[g]overning documents' " defined].) In addition, the trial court determined the Grossmans were the prevailing party, a determination not challenged on appeal.

Thus, if the analysis is limited to the actual language in subdivision (c) of Civil Code section 1354, the critical word to deciding whether attorney fees and costs expended in ADR are recoverable is whether those fees and costs were "reasonable."

■ Our analysis of what is reasonable is affected by other provisions in the statutory scheme created by the Davis-Stirling Act. (See *State Farm Mutual Automobile Ins. Co. v. Garamendi* (2004) 32 Cal.4th 1029, 1043 [12

Cal.Rptr.3d 343, 88 P.3d 71] [courts construe the words of a statute in context and with reference to the entire scheme of law of which they are a part].)

First, Civil Code section 1369.520, subdivision (a) requires a prospective plaintiff to endeavor to submit the dispute to ADR before filing a lawsuit to enforce the governing documents. This provision effectively makes ADR mandatory and, therefore, precludes a determination that the time and effort spent pursuing ADR was unreasonable per se.

Second, Civil Code section 1369.580 provides that a party's refusal to participate in ADR before the start of the action could affect the amount of the attorney fees awarded. This provision strongly implies that the attorney fees a prevailing party spent trying to convince a recalcitrant party to submit the dispute to ADR could be recovered, if otherwise reasonable.

Lastly, we have not found, and the Association has not identified, any policy reasons for excluding attorney fees and costs incurred in ADR from the award given to a party that has pursued ADR and subsequently prevailed in a lawsuit involving the same dispute.

Based on the foregoing, we conclude that a party does not act unreasonably when it spends money on attorney fees and costs during prelitigation ADR. The alternate view—that such expenditures are categorically unreasonable—is contrary to the strong public policy of promoting the resolution of disputes through mediation and arbitration. (E.g., *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 235, fn. 4 [145 Cal.Rptr.3d 514, 282 P.3d 1217] [public policy favors arbitration as a means of dispute resolution].) Thus, when attorney fees and costs expended in prelitigation ADR satisfy the other criteria of reasonableness, those fees and costs may be recovered in an action to enforce the governing documents of a common interest development. (Civ. Code, § 1354, subd. (c).)

Thus, the trial court did not err in awarding those fees and costs.

VII.  *Apportionment of Attorney Fees**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 1128.

## DISPOSITION

The judgment and the order granting the motion for attorney fees are affirmed. The Grossmans shall recover their costs on appeal.

Levy, Acting P. J., and Gomes, J., concurred.

On January 15, 2013, the opinion was modified to read as printed above.