Filed 1/19/23  Mascaro v. Brown CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| TINO D. MASCARO et al., as Trustees, etc.<br><br>　　Plaintiffs and Appellants,<br><br>v.<br><br>WILLIAM T. BROWN et al., as Trustees, etc.<br><br>　　Defendants and Respondents. | 2d Civil No. B319419<br>(Super. Ct. No. 56-2019-00529302-CU-OR-VTA)<br>(Ventura County) |

　　Tino D. Mascaro and Susan R. Mascaro (the Mascaros) appeal the trial court's order granting attorney's fees to William T. Brown and Sherri L. Brown (the Browns), who prevailed in a dispute regarding trees that allegedly blocked the Mascaros' view.  The Mascaros contend the trial court erred in awarding attorney's fees because: (1) they sued for nuisance and not on a contract, (2) attorney's fees are not authorized for mediation, and (3) the evidence was insufficient to support the award.  The

Browns contend they are entitled to attorney's fees on appeal. We affirm and order the Browns to recover costs and attorney's fees on appeal.

FACTUAL AND PROCEDURAL HISTORY

The Mascaros owned a residence in Camarillo. They contended their view was obstructed by trees located on the Browns' property.

Both lots were subject to the declaration of covenants, conditions, and restrictions (CC&Rs) of the Bridlewood Planned Unit Development. Section 7 of article VI of the CC&Rs (the view provision) stated: "All trees shall be trimmed by the Owner of the Lot upon which the same are located at the direction of the Architectural Committee, based upon a determination by the Architectural Committee that such trimming is necessary to prevent the obstruction of the view of other Lot Owners within the Properties."

The Architectural Committee directed the Browns to trim the trees. The Browns trimmed the trees on several occasions, but the Mascaros claimed the trimming work inadequately complied with the CC&Rs and left "unsightly stumps."

The Mascaros requested mediation, citing the requirement that they seek alternative dispute resolution (ADR) before filing a lawsuit to enforce the CC&Rs. (Civ. Code, §§ 5930, 5935.) The Browns consequently incurred legal fees in response to the ADR request.

The mediation was unsuccessful and the Mascaros filed their complaint[1] alleging the view obstruction constituted a nuisance under Civil Code section 3479. The complaint further

---

[1] Subsequent references to the "complaint" are to the operative pleading, the first amended complaint.

2

alleged, "As Section 1 of Article XI of the . . . CC&Rs provides for any Owner to enforce, by any proceedings at law or in equity, the CC&Rs, the MASCAROS have filed this lawsuit." The complaint sought abatement of the nuisance and an injunction prohibiting violation of the view provision of the CC&Rs. The Mascaros also sought "[r]easonable attorney's fees pursuant to Section 8 of Article XI of the . . . CC&Rs."

The trial court determined a claim based on violation of the CC&Rs was time barred unless a continuing nuisance was shown. (Code Civ. Proc., § 336.) The court also found the Browns "consistently maintained the trees in compliance with" the CC&Rs. The court concluded that neither view obstruction nor displeasure with the appearance of the trees when trimmed constituted a nuisance pursuant to California law. The court issued judgment for the Browns. (Code Civ. Proc., § 631.8.)

The trial court granted the Browns' postjudgment motion for attorney's fees. Based on "duplications of effort and some entries that, to the Court, appear non-essential and unjustified," the court reduced the requested $143,381.70 to $132,070.40.

## DISCUSSION

### Authority for attorney's fees

The Mascaros contend the trial court had no authority to award attorney's fees because their lawsuit was based on nuisance rather than violation of a contract. We disagree.

"Under the American rule, each party to a lawsuit ordinarily pays its own attorney fees" except where " 'attorney's fees are specifically provided for by statute' " or by " 'the agreement, express or implied, of the parties.' " (*Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 751 (*Mountain Air*).) " '[T]he legal basis for an attorney fee

3

award is a question of law to be reviewed de novo.' " (*Ibid.*) We conclude the attorney's fees are authorized by Civil Code section 1717, Code of Civil Procedure section 1021, and Civil Code section 5975.

*Civil Code section 1717*

Civil Code section 1717, subdivision (a), requires that attorney's fees be awarded to the prevailing party "[i]n any action on a contract, where the contract specifically provides [for] attorney's fees and costs, which are incurred to enforce that contract." The complaint sought attorney's fees pursuant to section 8 of article XI of the CC&Rs, which provides: "In the event of litigation arising out of or in connection with this Declaration, the prevailing party shall be entitled to receive costs of suit and such sum for attorney's fees as the Court deems reasonable." A recorded declaration of CC&Rs is a "contract" for purposes of Civil Code section 1717. (*Harbor View Hills Community Assn. v. Torley* (1992) 5 Cal.App.4th 343, 346; see *Pinnacle Museum Tower Assn. v. Pinnacle Market Development (US), LLC* (2012) 55 Cal.4th 223, 240.) Section 1717 and the CC&Rs entitle the Browns to recover attorney's fees because they prevailed in the Mascaros' action to enforce the CC&Rs.

The Mascaros contend the attorney fee award was unauthorized because the single cause of action was not "on a contract" but alleged only the tort of nuisance. They are incorrect.

"California courts construe the term 'on a contract' liberally. ' "As long as the action 'involve[s]' a contract it is ' "on [the] contract" ' within the meaning of section 1717." ' " (*Turner v. Schultz* (2009) 175 Cal.App.4th 974, 979-980.) " 'Whether an action is based on contract or tort depends upon the nature of the

4

right sued upon, not the form of the pleading or relief demanded. . . . If unclear the action will be considered based on contract rather than tort. [Citation.] [¶] In the final analysis we look to the pleading to determine the nature of plaintiff's claim.' " (*Kangarlou v. Progressive Title Co., Inc.* (2005) 128 Cal.App.4th 1174, 1178-1179.)

The action here was "on a contract." The complaint sought both abatement of a nuisance and "a permanent injunction restraining and enjoining defendants from violating of [sic] Section 7 of Article VI of the ASSOCIATION[]'S CC&Rs." It further alleged, "As Section 1 of Article XI of the . . . CC&Rs provides for any Owner to enforce, by any proceedings at law or in equity, the CC&Rs, the MASCAROS have filed this lawsuit."

The Mascaros' trial brief admitted that "[a]s a general rule, a landowner has no natural right to . . . an unobstructed view." (See *Oliver v. AT&T Wireless Services* (1999) 76 Cal.App.4th 521, 535 [obstructed view or "displeasing appearance" of neighboring structure not a nuisance]; *Posey v. Leavitt* (1991) 229 Cal.App.3d 1236, 1249.) " 'Such a right may be created by private parties through the granting of an easement [citations] *or through the adoption of conditions, covenants and restrictions.*' " (*Posey*, at p. 1250.) The Mascaros contended the view provision of the CC&Rs created an enforceable "view easement." Because the nuisance theory depended upon purported violations of the view provision (section 7 of article VI of the CC&Rs), the lawsuit was based on the CC&Rs' contractual provisions.

The Mascaros quote from *Brown Bark III, L.P. v. Haver* (2013) 219 Cal.App.4th 809, 820, which states: "Tort and other noncontract claims are not subject to section 1717." But *Brown Bark* " 'construe[d] the term "on a contract" liberally' " to

5

include an action that " ' " ' "involve[s]" a contract.' " ' " (*Id*. at p. 821.)

In *Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698, upon which the Mascaros rely, the contractual attorney fee provision was not broad enough to authorize fees pursuant to Civil Code section 1717. The lease there authorized fees in an action to "enforce the terms" of or "declare rights" under the lease, and did not extend to tort claims of constructive fraud or breach of fiduciary duty, or to a claim for equitable relief. (*Exxess Electronixx*, at p. 702.) The court recognized cases with broader attorney fee provisions that permitted fees on tort claims. (*Id*. at pp. 712-713, citing, e.g., *Santisas v. Goodin* (1998) 17 Cal.4th 599, 607 [authorizing fees " 'arising out of the execution of this agreement' "].)

We reject the Mascaros' contention that judicial estoppel bars the Browns from taking inconsistent positions regarding whether the nuisance claim was based on the CC&Rs. We note that the Mascaros' complaint alleged the CC&Rs authorized attorney's fees, but they changed their position after they lost at trial and claimed the cause of action in the complaint did not authorize fees. Equitable estoppel did not bar either party from changing their position on whether the attorney fee provision applied. (*M. Perez Co., Inc. v. Base Camp Condominiums Assn. No. One* (2003) 111 Cal.App.4th 456, 469.)

It is irrelevant that the trial court ruled against the Mascaros for two reasons: relief for violation of the CC&Rs was time barred, and obstruction of views does not constitute a nuisance. As the Mascaros contended in the trial court, the statute of limitations for violation of the CC&Rs did not bar an action for continuing nuisance based on violation of the CC&Rs.

(*Cutujian v. Benedict Hills Estates Assn.* (1996) 41 Cal.App.4th 1379, 1389.)  On both theories, the Browns were the prevailing parties entitled to fees.  (Code Civ. Proc., § 1032, subd. (a)(4).)

*Code of Civil Procedure section 1021*

Code of Civil Procedure section 1021 provides in relevant part: "Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties."  Section 8 of article XI of the CC&Rs requires that attorney's fees be awarded to the prevailing party in "litigation arising out of or in connection with" the CC&Rs.  Both the nuisance claim and the request to enjoin violation of the CC&Rs arose from, and were in connection with, the CC&Rs.

Attorney's fees pursuant to Code of Civil Procedure section 1021 are not limited to contractual claims and may encompass tort claims.  (*Xuereb v. Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338, 1341.)  Civil Code section 1717, which applies only to actions "on a contract," "cannot be said to supersede or limit the broad right of parties pursuant to Code of Civil Procedure section 1021 to make attorney fees agreements." (*Xuereb,* at p. 1342.)  Attorney's fees were ordered in *Xuereb* pursuant to Code of Civil Procedure section 1021, even though the plaintiff had abandoned the breach of contract claim and prevailed solely on tort claims.  (*Xuereb*, at pp. 1342-1343.)  As in *Xuereb*, the attorney fee provision in section 8 of article XI of the CC&Rs is "broad enough to encompass both contract actions and actions in tort."  (*Id.* at p. 1343; *Santisas v. Goodin, supra*, 17 Cal.4th at p. 608.)

*Civil Code section 5975*

Attorney's fees were also properly ordered pursuant to the

Davis-Stirling Common Interest Development Act (Civ. Code, §§ 4000-6150). It provides: "In an action to enforce the governing documents, the prevailing party shall be awarded reasonable attorney's fees and costs." (Civ. Code, § 5975, subd. (c).) The "governing documents" include the CC&Rs. (Civ. Code, §§ 4135, 4150, 4250.) Section 5975 thus requires the court to award attorney's fees to the prevailing party in an action to enforce CC&Rs. (*Champir, LLC v. Fairbanks Ranch Assn.* (2021) 66 Cal.App.5th 583, 590.)

Although the complaint alleged both nuisance and violation of the CC&Rs, the case was an action to "enforce" the contract pursuant to Civil Code section 5975 because "the alleged source of the contractual obligation and its terms was the CC&R's." (*Chee v. Amanda Goldt Property Management* (2006) 143 Cal.App.4th 1360, 1381.)

*Attorney's fees for mediation*

The Mascaros contend the trial court erred in awarding attorney's fees of $5,180 associated with the mediation. We reject this contention.

The Mascaros requested the Browns mediate the view provision of the CC&Rs. The request cited Civil Code sections 5930 and 5935, which require a demand for mediation or other ADR as a prerequisite to filing a civil suit to enforce CC&Rs. (See Civ. Code, § 5925, subd. (a).) In response to the request, the Browns retained counsel who communicated with the parties and potential mediators, negotiated, wrote a mediation brief, and attended the mediation.

The Mascaros rely upon section 8 of article XI of the CC&Rs, which states: "In the event of litigation arising out of or in connection with this Declaration, the prevailing party shall be

8

entitled to receive costs of suit and such sum for attorney's fees as the Court deems reasonable." Where, as here, litigation was filed, this provision does not limit attorney's fees to those incurred after filing.

Moreover, Civil Code section 5975, subdivision (c), mandates attorney's fees to the prevailing party, regardless of the specific language of the CC&Rs. "[W]hen attorney fees and costs expended in prelitigation ADR satisfy the other criteria of reasonableness, those fees and costs may be recovered in an action to enforce the governing documents of a common interest development." (*Grossman v. Park Fort Washington Assn.* (2012) 212 Cal.App.4th 1128, 1134.)[2] The Mascaros have not shown that the attorney's fees associated with ADR were unreasonable.

*Amount of attorney's fees*

The Mascaros contend the evidence did not show the attorney's fees were reasonable or necessary. We review a trial court's determination of the amount of attorney's fees for abuse of discretion. (*Mountain Air*, *supra*, 3 Cal.5th at p. 751.) The trial court did not abuse its discretion.

" 'California courts do not require detailed time records, and trial courts have discretion to award fees based on declarations of counsel describing the work they have done and the court's own view of the number of hours reasonably spent. [Citations.]' " (*Syers Properties III, Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 698.) Because the fees here were set by the judge who presided over the trial, the court was "familiar with

---

[2] *Grossman* relied upon former section 1354 of the Civil Code (repealed by Stats. 2012, ch. 180, § 1), which is identical to current Civil Code section 5975.

9

the quality of the services performed and the amount of time devoted to the case." (*PLCM Group v. Drexler* (2000) 22 Cal.4th 1084, 1096.)

The Browns' counsel submitted invoices itemizing their attorneys' time, which included drafting pleadings; conducting and responding to discovery; legal research; communications with the clients, co-counsel, and opposing counsel; trial preparation; and court appearances including trial. The invoices included "such crucial information as the number of hours worked, billing rates, types of issues dealt with and appearances made on the client's behalf." (*Martino v. Denevi* (1986) 182 Cal.App.3d 553, 559.) Counsel's hourly rates ranged from $300 to $395, which counsel declared was consistent with rates for attorneys with similar experience in Ventura County.

The Mascaros contend the invoices were inadmissible hearsay. They are incorrect. Mr. Dunlevy authenticated the invoices he prepared and declared that they were for "legal services [he] provided." (See *Mai v. HKT Cal, Inc.* (2021) 66 Cal.App.5th 504, 520-525 [invoices supporting client's testimony not inadmissible hearsay].) The invoices from Myers, Widders, Gibson, Jones & Feingold, LLP, were authenticated by the declarations of attorneys who had personal knowledge of the services they provided. They were also authenticated as business records by the firm's attorneys and support personnel. (Evid. Code, § 1271.) The invoices constituted "contemporaneous time records [that] are the best evidence of lawyers' hourly work" and "eclipse other proofs." (*Taylor v. County of Los Angeles* (2020) 50 Cal.App.5th 205, 207.)

The trial court reduced the request for fees that represented "duplications of effort" or were "non-essential and

unjustified." The Mascaros do not identify other time entries that are purportedly unreasonable or unnecessary and have not shown that the trial court abused its discretion in setting the amount of fees.[3]

*Attorney's fees on appeal*

" 'A statute authorizing an attorney fee award at the trial court level includes appellate attorney fees unless the statute specifically provides otherwise.' " (*Rancho Mirage Country Club Homeowners Assn. v. Hazelbaker* (2016) 2 Cal.App.5th 252, 265; *Serrano v. Unruh* (1982) 32 Cal.3d 621, 637-638 [attorney's fees awarded for appeal vindicating trial court fee award].) Because attorney's fees on appeal are not prohibited by the CC&Rs, or by Civil Code sections 1717 or 5975, or Code of Civil Procedure section 1021, the Browns shall be awarded attorney's fees on appeal pursuant to a noticed motion in the trial court. (Cal. Rules of Court, rule 3.1702(c).)

---

[3] The Mascaros contend the trial court improperly considered supplemental declarations because they were untimely filed with the Browns' reply to the Mascaros' objections to the motion for fees. This contention was briefly mentioned in the Mascaros' opening brief on appeal but was not identified under a separate heading or subheading. (Cal. Rules of Court, rule 8.204(a)(1)(B); *In re S.C.* (2006) 138 Cal.App.4th 396, 408.) Because they did not develop an argument on this issue until their reply brief, we decline to consider it. (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.)

DISPOSITION

The order is affirmed.  Respondents shall recover costs and attorney's fees on appeal, in an amount to be determined on noticed motion in the trial court.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


GILBERT, P. J.


YEGAN, J.

12

Benjamin F. Coats, Judge

Superior Court County of Ventura

_____

Law Offices of Patrick L. Garofalo and Patrick L. Garofalo for Plaintiffs and Appellants.

Myers, Widders, Gibson, Jones & Feingold, Kelton Lee Gibson and James E. Perero for Defendants and Respondents.